### UNITED STATES v. ONE FORD.

District Court, D. Nebraska, Omaha Division.
August 25, 1927.

No. 2058.

1. **Internal revenue ⬤⟳46, 47(1)—For concealing intoxicating liquors, government can proceed against individual and automobile used, under Revenue Law, notwithstanding National Prohibition Law (26 USCA §§ 1181, 1182; 27 USCA).**

For concealment of intoxicating liquor in violation of Revenue Law (Rev. St. § 3450 [26 USCA §§ 1181, 1182; Comp. St. § 6352]), the government, notwithstanding National Prohibition Law (27 USCA), can proceed in criminal action against the person and by forfeiture proceeding against the car used in the concealment, both under such section of the revenue law.

2. **Internal revenue ⬤⟳46—Existence of innocent holders of liens does not prevent forfeiture of car used in concealing intoxicating liquor (26 USCA §§ 1181, 1182).**

Automobile used in concealment of intoxicating liquors, in violation of Rev. St. § 3450 (26 USCA §§ 1181, 1182 [Comp. St. § 6352]), may be forfeited thereunder, notwithstanding there are innocent holders of liens thereon.

3. **Internal revenue ⬤⟳47(7)—Conviction of owner of car of concealing liquor with it, in violation of Revenue Law, is conclusive in forfeiture proceeding of guilt of the car, against innocent mortgagee (26 USCA §§ 1181, 1182).**

Forfeiture, under Rev. St. § 3450 (26 USCA §§ 1181, 1182 [Comp. St. § 6352]), of automobile because of its use in concealing intoxicating liquor in violation of revenue law, being independent of any wrong doing of mortgagee thereof, the car being treated as the offender,

so that the mortgagee is not a necessary party to judicial inquiry into the fact of the offense from which the forfeiture results, judgment of conviction of the owner of the car of the offense is conclusive of guilt of the car named in the criminal proceeding in subsequent proceeding under such section to forfeit the car.

Forfeiture Libel. Proceeding by the United States against one Ford car, claimed by mortgagees. Judgment of condemnation.

James C. Kinsler, U. S. Atty., and William J. Froelich, Asst. U. S. Atty., both of Omaha, Neb.

Charles S. Reed, of Omaha, Neb., for intervener General Motors Acceptance Corporation.

WOODROUGH, District Judge. This cause comes on for trial upon the libel of the government to subject a certain automobile to the penalty of forfeiture on the ground that it was being used to conceal intoxicating liquor, in violation of the Revenue Law (section 3450, Rev. St. [26 USCA §§ 1181, 1182; Comp. St. § 6352]) and the petition of intervention setting up a lien upon the car in the hands of an innocent holder. The government offers in evidence a judgment roll of this court showing the prosecution and conviction of the owner of the car for the offense.

The lienor objects that such criminal proceedings were res inter alios acta, and that the judgment is not binding upon it. The question is of importance, and has been briefed and argued by counsel on both sides.

[1] The right of the government to proceed as it did against the offending person in the criminal action and against the car, both under section 3450, notwithstanding the provisions of the National Prohibition Act (27 USCA), is settled by the Supreme Court in U. S. v. One Ford Coupé, No. 115, 47 S. Ct. 154, 71 L. Ed. 279, October term, 1926.

[2] The right of the government, upon competent evidence and proper proceedings, to forfeit the car for its use in violation of section 3450, notwithstanding there are innocent holders of liens, is settled by the same court in Goldsmith v. U. S., 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376, and in Carroll v. U. S., 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790.

[3] It is decided in Coffey v. U. S., 116 U. S. 436, 6 S. Ct. 437, 29 L. Ed. 684, that a judgment of acquittal rendered in favor of the owner of an automobile in a prosecution for using the car to violate section 3450 is a bar to subsequent libel proceedings to forfeit the car, but the court reserved decision on the question whether conviction instead of ac-

quittal could be availed of as conclusive evidence for a condemnation in a subsequent suit in rem under that section.

The precise question here presented does not appear to have been settled by direct Supreme Court decision. In the opinion of the Supreme Court in Goldsmith v. U. S., supra, it is laid down that section 3450 treats the automobile itself as the offender against the revenue laws, and ascribes to the property a certain personality, a power of complicity, and guilt in the wrong. The Mosaical law and certain practices among the Athenians are referred to for analogies, rather than any idea current since the Christian era. But such is the construction, and the necessary one, in order to reconcile the confiscation of the property of innocent mortgagees with the due process clause of our Constitution.

Such being the meaning and right construction of the section, it follows that, when the government officers seize and take physical possession of an automobile on the ground that it is being used to violate the revenue laws, neither the due process clause, nor any other law, requires of the government anything more, in order to condemn the car, than an adequate judicial inquiry into and determination of the facts. If, upon such inquiry, it is judicially determined that the grounds of seizure existed, the offending automobile is forfeit to the government.

The criminal prosecution of the person who was so using the car presents the judicial inquiry in the form most onerous to the government, in that the presumptions are all against the government, and the proof must show the fact beyond a reasonable doubt. But, when the proof is made, and there is a verdict and judgment, the matter should be at an end. In effect, the government presents to the court in the criminal case that the defendant and his car are guilty of the violation which justify imprisonment of the person and condemnation of the car. If it be premised, as it must under the Goldsmith decision, that the confiscation of the mortgagee's property in the automobile occurs entirely independently of any wrongdoing on the part of such mortgagee, it must follow that he is not a necessary party to the judicial inquiry into the fact of the offense from which the condemnation results. As explained in the Goldsmith Case, Congress interposes the care and responsibility of automobile owners in aid of the prohibitions of the law and its punitive provisions, and the mortgagee of an automobile whose mortgage contract implies that complete dominion and opportunity to use or misuse the chattel, which is confided to another, must abide the consequences of the other's misuse. Therefore the judgment of conviction of the one who misused the car is binding upon those who claim liens merely, exercise no dominion, and have surrendered the use and control of the car to another. Furthermore, it impresses me that it would be contrary to the dignity of the United States to deny full effect to the conviction of the car owner in this case. The United States has, by proper proceedings in its court, caused a fine to be imposed upon a person for the misusing of this car, and the citizen is to stand committed to jail unless the fine is paid. This has been done upon full inquiry and opportunity to defend. It would be most incongruous, if, after the person had lost his liberty for this joint offending with the car, that the lienor could then be permitted in the same court to show, as to the same transaction and the same automobile, that there was no offense, recover the car, leave the person in jail, and so by court action set the dollar above the man. We know too well what different legal talent, industry, and skill will be available for the protection of the dollar of the finance company. The courts ought not to permit a proceeding to be maintained before them for the purpose of liberating the property alone and not the man.

The mortgagee also offers to prove in this case that the conviction and sentence of the car owner in the criminal case rests upon a plea of guilty, and that the car owner put in the plea as a matter of expediency merely, when in fact, he was not guilty. Being of the opinion that the judgment in the criminal case is conclusive against all the world as to the guilt of the car, the offer of proof along the line indicated will be excluded.

The identity of the car with that described in the criminal prosecution being admitted, judgment of condemnation should be entered on the pleadings and the judgment roll of the criminal case. Exception is allowed to the receipt in evidence of the judgment roll and to exclusion of the evidence offered by the mortgagee.

I reach the conclusion with reluctance, because very great sums of money have been invested in these automobile mortgages by innocent persons largely without apprehending that their investments were subject to such a risk as the case illustrates. But this conclusion seems to me the necessary effect of the statute as construed by the Supreme Court.