**CHARLES ZIMMERMAN SONS CO. v. FERGUSON, Collector of Customs, et al.**

(District Court, E. D. Michigan, S. D. March 14, 1927.)

No. 1383.

**1. Injunction ☞123—In suit to enjoin institution of proceedings for forfeiture of automobile, sufficiency of notice of such proceedings held not within issues.**

In a suit to enjoin institution of proceedings for forfeiture of an automobile for violation of the customs laws, not yet begun, the question whether the statutory notice of such proceedings had been given claimant is not involved.

**2. Equity ☞392—Admission of incompetent evidence without objection is not ground for rehearing.**

Admission of incompetent evidence is not ground for rehearing, where it was not objected to and was merely cumulative.

In Equity. Suit by the Charles Zimmerman Sons Company against Carey D. Ferguson, Collector of Customs, and others. On petition of complainant for rehearing. Denied.

For former opinion, see 16 F.(2d) 604.

Campbell, Bulkley & Ledyard, of Detroit, Mich., and Hugh M. Bennett, of Columbus, Ohio, for plaintiff.

C. Frederic Stanton, Asst. U. S. Atty., of Detroit, Mich., for defendants.

TUTTLE, District Judge. This cause is now before the court on a petition by the plaintiff for a rehearing, filed after this court had filed its opinion (16 F.[2d] 604), holding that the bill of complaint (which sought to restrain the proposed forfeiture of an automobile under the Tariff Act of 1922 [42 Stat. 858]) should be dismissed for the reasons stated in such opinion.

In support of its petition, plaintiff urges: (1) That no notice of the proposed forfeiture complained of was given to the plaintiff; (2) that said automobile, which was seized while transporting intoxicating liquor, may not be forfeited under the Tariff Act, but only, if at all, under the National Prohibition Act (Comp. St. § 10138¼ et seq.); and (3) that

testimony wrongfully obtained by unlawful search and seizure was improperly offered by the government and admitted by the court. These contentions will be considered in the order in which they have been stated.

[1] 1. As was pointed out in the opinion already mentioned, the bill of complaint was filed before the institution of forfeiture proceedings, and for the purpose of restraining and thereby preventing such proceedings, and of obtaining the return to the plaintiff of the automobile in question. As prayed in said bill, a temporary injunction was granted, which enjoined the government customs and prohibition officers from libeling or selling said automobile until the further order of this court. The questions raised by the bill, argued by counsel, and decided by the court related only to the right of the government to proceed with any forfeiture of this automobile under the customs laws, and not to the procedure whereby such forfeiture, if authorized, should be effected. Plaintiff even entered into a stipulation with the government, providing that upon the filing of a bond by plaintiff in the sum of $300 on the condition that it would pay to the government that amount in the event that the court should order the forfeiture of said automobile, which sum should stand "in the place and stead of a surrender of said vehicle," the value of which was thereby agreed to be $300, an order might be entered herein releasing said automobile to the plaintiff. Thereafter said bond was so filed and said order was so entered. Assuming, therefore, that the proper statutory notice of forfeiture, as referred to in the aforesaid opinion of this court, has not been given, although the record contains no evidence to that effect, it is clear that plaintiff is in no position to complain of any failure to give such notice, at least up to the present time, and its contention to the contrary must be overruled.

2. Another ground urged by plaintiff in its petition for a rehearing, as stated in such petition, is: "The automobile in question can be forfeited only under section 26, title 2, of the National Prohibition Act (Comp. St. § 10138½mm), since the operator of said automobile was apprehended in the act of transporting liquor in said automobile in violation of law, and since he entered a plea of guilty to said act of transportation." Plaintiff relies, in this connection, upon the case of Port Gardner Investment Co. v. United States, 47 S. Ct. 165, 71 L. Ed. ——, in which the United States Supreme Court held that the prosecution to conviction of the driver of an automobile for the offense of transporting intoxicating liquors in violation of the National Pro-

hibition Act precludes the government from forfeiting such automobile, except in accordance with the forfeiture procedure prescribed by said act. The indictment, however, on which the driver of the automobile involved in the present case was convicted, clearly shows, not only by the express reference in its caption (over the signature of the foreman of the grand jury which returned the indictment) to section 593 (b) of the Tariff Act of 1922 (Comp. St. § 5841h13), but also by the language of the indictment itself, that the offense charged against said driver was that he did, at the time and place therein specified, "unlawfully, willfully, fraudulently, feloniously, and knowingly receive, buy, conceal, and facilitate the transportation or concealment of certain merchandise, to wit, 17 cases of Canadian beer, containing one-half of 1 per cent. and more of alcohol by volume, and fit for use for beverage purposes, which said merchandise had then and there been imported and brought into the United States of America from a foreign place, to wit, the Dominion of Canada, contrary to law, * * * the said James Harrison then and there knowing that said merchandise had been imported and brought into the United States contrary to law," and it was for that offense only, and not for any violation of the National Prohibition Act, that said Harrison was convicted, as was pointed out in the previous opinion of this court above referred to. The contention, therefore, of plaintiff in this connection, and the above-cited decision of the Supreme Court in support of such contention, are plainly inapplicable to the present case, and are of no help to the plaintiff here..

[2] 3. Finally, plaintiff complains, for the first time, that the search and seizure of the automobile in question without a search warrant rendered the evidence obtained thereby inadmissible. Assuming that this objection can be now raised (although the record discloses no exception, nor even objection, to the relevancy, competency, or other admissibility of such evidence), and assuming, also, that such evidence, if seasonably objected to, would have been excluded on the ground now urged (which is at least doubtful, in view of the facts and circumstances warranting reasonable cause for belief, by the arresting officers, that the law was being violated at the time of such arrest and seizure, as set forth in my aforesaid opinion herein), it is clear that plaintiff has not been prejudiced by the admission of the said evidence, for the reason, if for no other, that the driver so arrested was a voluntary witness on behalf of the defendants at the hearing in the present case, and his testimony as such witness amply sustains the findings and conclusions which I reached and expressed in my opinion just referred to, and to which, after careful re-examination of the record in the light of plaintiff's petition now under consideration, I still adhere.

For the reasons stated, the petition for a rehearing must be denied, and a decree will be entered dismissing the bill of complaint, in accordance with the terms of this and of the previous opinion in this cause.