## UNITED STATES v. TWO MACK TRUCKS, etc.

District Court, E. D. Pennsylvania.    June 11, 1927.

### No. 106.

1. **Internal revenue** ⚖➡46—**Libel for forfeiture, charging illegal transportation of liquor, without alleging intent to defraud government of tax, held insufficient; allegation of violation of statute being mere conclusion of law (Comp. St. § 6352).**

Libel for forfeiture of automobile, under Rev. St. § 3450 (Comp. St. § 6352), alleging illegal transportation of intoxicating liquor, without alleging that vehicle was used for removal, deposit, or concealment thereof with intent to defraud the United States of a tax, *held* insufficient; allegation of transportation in violation of such statute being mere conclusion of law.

2. **Internal revenue** ⚖➡2(16)—**Statute authorizing forfeitures held not superseded, so far as it applies to intoxicating liquor (Comp. St. § 6352; National Prohibition Act, tit. 2, § 26 [Comp. St. § 10138½mm]).**

Rev. St. § 3450 (Comp. St. § 6352), authorizing forfeitures, in so far as it applies to intoxicating liquor, *held* not superseded by National Prohibition Act, tit. 2, § 26 (Comp. St. § 10138½mm).

3. **Intoxicating liquors** ⚖➡250—**Filing libel for forfeiture for illegal transportation of liquor held definite election to proceed under National Prohibition Act (National Prohibition Act, tit. 2, § 26 [Comp. St. § 10138½mm]; Comp. St. § 6352).**

Filing of libel for forfeiture of automobile for illegally transporting intoxicating liquor, in violation of the National Prohibition Act, tit. 2, § 26 (Comp. St. § 10138½mm), and Rev. St. § 3450 (Comp. St. § 6352), relating to the revenue, *held* definite election to proceed under the first-mentioned act.

4. **Intoxicating liquors** ⚖➡250—**Issuance of warrant charging illegal transportation of liquor held not of itself an election to proceed under National Prohibition Act (Comp. St. § 10138¼ et seq.).**

Issuance of warrant for arrest of person in charge of automobile truck, charging illegal transportation of intoxicating liquor, *held* not in itself an election by the government to proceed under the National Prohibition Act (Comp. St. § 10138¼ et seq.).

5. **Intoxicating liquors** ⚖➡247—**Conviction being jurisdictional prerequisite to forfeiture, libel for forfeiture for transporting liquor must be dismissed, in absence of conviction (National Prohibition Act, tit. 2, § 26 [Comp. St. § 10138½mm]).**

Conviction of person arrested for transporting intoxicating liquor in violation of National Prohibition Act, tit. 2, § 26 (Comp. St. § 10138½mm), being jurisdictional prerequisite to forfeiture under that act, libel for forfeiture of automobile truck, alleged to have been used in the transportation, must be dismissed, where person in charge was not proceeded against.

Forfeiture libel. Proceeding by the United States against two Mack trucks, lately possessed by Max Levy and others. Libel dismissed.

George W. Coles, U. S. Atty., of Philadelphia, Pa.

James B. Anderson, Jr., of Philadelphia, Pa., opposed.

KIRKPATRICK, District Judge. This is a proceeding for the forfeiture of two trucks. The libel alleges in substance that the federal prohibition director for the Eastern district of Pennsylvania seized certain liquor while being transported in the custody of one Max Levy, in violation of the terms of the National Prohibition Act (Comp. St. § 10138¼ et seq.), in the two trucks in question. The libel also alleges that "said liquor and trucks are forfeitable to the United States for the following reasons:

(a) When seized as aforesaid, the said liquor was being transported in a vehicle without a permit, as required by the provisions of title 2 of the National Prohibition Act (Comp. St. §§ 10138½–10138½z).

(b) When seized as aforesaid, the said vehicle was being used in the illegal transportation of intoxicating liquor, in violation of title 2 of the National Prohibition Act and section 3450, Revised Statutes (Comp. St. § 6352).

The facts as stipulated at the hearing are that the two trucks were transporting intoxicating liquor at the time that they were seized, and that a warrant was issued by a United States commissioner of this district "at the request of the federal prohibition officials," charging Levy with violation of the National Prohibition Act. It was also stipulated that Levy was never arrested, and that the charge against him was proceeded with no further. At the hearing, the government elected to proceed under section 3450 of the Revised Statutes, and moved to strike out that part of the libel which alleged that the trucks were being used in violation of title 2 of the National Prohibition Act.

[1] Entirely apart from any other question, the libel in this case, as amended, is not sufficient as a basis for a proceeding under section 3450 of the Revised Statutes. Where the object of the proceeding is forfeiture of a vehicle, if the government intends to proceed under the Revenue Act, it must allege and prove a cause of forfeiture under that section; that is, that the vehicle was used for the removal, deposit, or concealment of goods with intent to defraud the United States of the tax referred to in the act. The mere allegation

of illegal transportation of liquor is not sufficient. "It seems clear, therefore, that section 3450 does not provide for a forfeiture of a vehicle used in transportation, unless an intent is also shown to avoid the payment of the tax." United States v. One Bay St. Roadster (D. C.) 2 F.(2d) 616, 622. See, also, United States v. One Buick Automobile (D. C.) 300 F. 584. The statement in the libel that, when seized, "the said vehicle was being used in the illegal transportation of intoxicating liquor in violation of * * * section 3450, Revised Statutes," is a mere conclusion of law. There is no statement of any intent to defraud the United States, or of removal, deposit, or concealment of goods with such intent, or of use of the vehicle in connection therewith.

[2, 3] But, even if a further amendment could be permitted, so as to include allegations of removal, etc., with intent to defraud, it seems clear that the government, by the original filing of the libel in the form in which it did, definitely elected to proceed under the terms of the National Prohibition Act. In two recent cases decided by the Supreme Court, U. S. v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. ——, 47 A. L. R. 1025, and Port Gardner Investment Co. v. U S., 272 U. S. 564, 47 S. Ct. 165, 71 L. Ed. ——, it was settled that section 3450, Rev. St., was not superseded by section 26 of title 2 of the National Prohibition Act (Comp. St. § 10138½mm), and the government had the right to elect under which statute it would proceed.

While, as the majority opinion in the Ford Coupé Case pointed out, the two statutes were enacted for different purposes and do not cover precisely the same ground, nevertheless there are many cases of the transportation of liquor which may fall within the terms of both statutes. In such cases, the court in that opinion indicated that the government had an election. The opinion says: "It is clearly possible to apply to a particular state of facts either one or the other remedy, and to give to the government the choice."

From this suggestion, Mr. Justice Stone dissented. He said: "But I cannot subscribe to those expressions in the opinion which seem to suggest that the two sections are not in direct conflict, in a case where there is transportation of liquor in a vehicle in violation of the National Prohibition Law with intent to defraud the United States of the tax. In that case section 26, it seems to me, plainly directs that the seizure shall be made and proceedings for forfeiture of the seized vehicle had under that section." It should be noted that what Justice Stone refers to as the suggestion in the majority opinion, if it was intended as a suggestion, is obiter dictum, because in that case there was nothing in the record to suggest the violation of section 26, and the case therefore fell in the margin within the limits of section 3450, Rev. St., but outside of the field covered by the National Prohibition Act. In the Port Gardner Case, the government had obtained a conviction of the person arrested and therefore had clearly elected.

[4] In the case at bar a warrant had issued for the arrest of the person in charge of the truck charging him with illegal transportation. This, however, is not sufficient in itself to constitute an election. It does not involve a deliberate choice on the part of any governmental agency. In the case of Commercial Credit Corporation v. United States, 18 F.(2d) 927, recently decided by the Circuit Court of Appeals for the Second Circuit, a prosecution had been begun, but not carried to the point of trial. The persons in charge of the vehicle were arrested and arraigned before a United States commissioner. They were held by the United States commissioner and an information was filed against them by the United States attorney. The libel in that case proceeded under section 3450, Rev. St., only. The court held that the pendency of the prosecution precluded the government from proceeding under section 3450, and expressed the opinion that under the facts of that case there was a direct conflict between the two statutes in question.

[5] But, when the government filed its libel in this case, it definitely charged violation of section 26 of the Prohibition Act. The fact that the words "and section 3450, Revised Statutes," were appended, does not save the government's case from the consequences of its election. The conclusion is therefore reached that, where the government in its libel charges violation of the National Prohibition Act, it has elected to proceed under that act, and, inasmuch as conviction of the person arrested is a jurisdictional requisite, the libel must be dismissed.