### THOMPSON v. SCHWAEBE, Collector of Customs.*

District Court, S. D. California, S. D. June 23, 1927.

Injunction ⚖️75—Sale of property seized for violation of customs law cannot be enjoined, but claimant must follow statutory remedy (19 USCA § 519).

Claimant of an automobile, seized for violation of the customs laws, cannot maintain suit to enjoin the collector from selling same as provided by Act Sept. 21, 1922, § 612 (19 USCA § 519), where due notice of the seizure and intended sale has been given, but his remedy is by filing his claim with the collector and contesting forfeiture in the consequent proceedings.

In Equity. Suit by L. C. Thompson against Lewis Schwaebe, Collector of Customs. Decree dismissing bill.

Robert O'Connor, of Los Angeles, Cal., for plaintiff.

Samuel W. McNabb, U. S. Atty., of Los Angeles, Cal., and Emmett E. Doherty, of San Francisco, Cal., for defendant.

JAMES, District Judge. This is a suit for an injunction to restrain the collector of customs from selling under the provisions of the Act of September 21, 1922 (42 Stat. 986 [19 USCA § 519]), an automobile, which it is claimed on the part of the collector was seized by the officers while engaged in transporting intoxicating liquor which had been smuggled into the United States without paying customs duty.

No contention is made that the collector has not fully complied with those conditions which the act of Congress prescribes. See Barnes' Federal Code Supp. 1919–1926, § 4541, with subdivisions. These provisions provide for adequate notice and opportuni-

*Decree modified 22 F.(2d) 518.

ty to claimants to appear and assert their right.

The plaintiff has alleged, and the fact appears to be accordingly, that the driver of the automobile seized has heretofore been prosecuted under the National Prohibition Act (27 USCA), and received sentence upon his conviction. The case of Port Gardner Investment Company v. United States, 272 U. S. 564, 47 S. Ct. 165, 71 L. Ed. 412, decided by the Supreme Court, November 23, 1926, is cited to the point that, upon conviction had of the driver of the automobile under the terms of the National Prohibition Act, it became mandatory that the automobile be forfeited under section 26 of title 2 of that act (27 USCA § 40), and that there remains no right to forfeit for violation of customs regulations. That decision held that, where a conviction was made under the National Prohibition Act, a libel could not be maintained under section 3450, Revised Statutes (26 USCA § 1181 [Comp. St. § 6352]), relating to proceedings of forfeiture of vehicles and merchandise, used to conceal property with intent to defraud United States of revenue tax. Conceding that the same conclusion should be adopted where the attempted forfeiture is under the customs law, it does not follow that, instead of pursuing the course of action provided for the protection of a claimant in such a case, such claimant may maintain an equitable action to restrain a sale.

Counsel for the plaintiff contends that action of the Customs Department and a subsequent proceeding by the district attorney to forfeit under the customs law would be entirely void. This does not follow from the facts. There can be no doubt, I think, that where a claimant does not appear to assert such right as he may have or urge the irregularity of the proceeding, a sale will give a good title to the purchaser. The only question that must be answered is: Is the proceeding, under which the sale of the automobile is threatened, being pursued without notice to the claimants and without the right of such claimants to appear and contest the ground of forfeiture or urge irregularity in the proceeding. The question necessarily must be answered in the negative. So answered, it follows that there is no ground upon which the equitable action for injunction can be maintained.

Decree will therefore be entered dismissing the bill of complaint, with costs to the United States. An exception will be allowed to complainant on the entry of this decree.