## UNITED STATES v. ONE DODGE SEDAN.

District Court, D. Utah. October 21, 1927.

No. 10066.

1. **Internal revenue ⚖⟳46—Arrest and prosecution of driver of car carrying whisky, for violation of National Prohibition Act, requires proceeding for forfeiture of car also to be under that act, and not under internal revenue law (26 USCA § 1181; 27 USCA § 40).**

Where driver of automobile carrying whisky was arrested and prosecuted for violation of National Prohibition Act, tit. 2, § 26 (27 USCA § 40), subsequent proceeding for forfeiture of car must also be under that act, and the government cannot, by the device of charging the driver with possession only, and not with transporting, maintain such proceeding under Rev. St. § 3450 (26 USCA § 1181 [Comp. St. § 6352]), alleging transportation with intent to evade payment of the tax.

2. **Internal revenue ⚖⟳46—In absence of direct proof showing intent to possess and transport proscribed liquor negative implied intent to avoid payment of tax.**

Where there is no direct proof of intent, circumstances which tend to show that intent of car driver was to possess and transport proscribed liquor negative any implied intent to avoid payment of tax on such liquor, and especially because it is a kind of liquor upon which no tax could legally be paid.

Forfeiture Libel. Suit by the United States for forfeiture of one Dodge sedan. Decree for claimant.

Charles M. Morris, U. S. Atty., and Jesse K. Smith, Asst. U. S. Atty., both of Salt Lake City, Utah.

Ben E. Roberts, of Salt Lake City, Utah, for lienholder.

KENNEDY, District Judge. This matter is before the court in the form of a proceeding seeking to forfeit an automobile under Revised Statutes of the United States, § 3450 (U. S. C. tit. 26, § 1181 [26 USCA § 1181; Comp. St. § 6352]), upon the ground that it was being used to defraud the United States of the tax on distilled spirits found in said car. It is presented to the court upon a libel of information, which sets forth in brief the facts in regard to the seizure of the car, and attached to the information and presented to the court at the time the information was filed is the affidavit of a federal prohibition agent, which describes in detail the car against which the libel is sought, together with the circumstances under which the driver was apprehended and the liquor discovered. Upon the information a warrant was issued and the automobile attached.

The proceeding is resisted by the Commercial Investment Trust, a corporation, which asserts a claim against the car as represented by a conditional sales contract which that corporation holds, purporting to make it the owner of the car until the full amount in purchase thereof has been paid, which is represented to be the sum of $473.93.

[1] The proceeding came before the court for trial upon the merits, and certain evidence was introduced from which the following facts are made to appear:

That a prohibition agent in the city of Salt Lake, on the 12th day of August, 1927, under instruction from his department to watch for a certain car in which it was suspected that deliveries of illicit whisky were being made, detected the car in controversy after having observed at some distance a covered package being placed in the rear thereof; that said automobile was subsequently followed, the driver compelled to stop, and an examination made of the contents of the car, which was found to contain a five-gallon keg of moonshine liquor, covered up in the rear of said automobile with certain blankets, burlap, etc.; that the driver of said car was one Charley Parker, who was arrested, and subsequently, to wit, on the 27th day of August, 1927, an information was filed against him for a violation of the National Prohibition Act, charging him with the unlawful possession of said whisky; that attached to said information is the affidavit of a prohibition agent which sets forth in detail the circumstances under which it was claimed the defendant Parker was in unlawful possession of five gallons of moonshine whisky; that by a comparison between the affidavits attached to the libel information and the information against Parker it is revealed that the transaction upon which both proceedings are based is one and the same; that it was the identical car by number and description, the same time and place, the same quantity of liquor, and the same driver of the car, so as to clearly and positively identify the transaction under which transportation of the liquor was taking place; and that an information against the driver was filed by the district attorney, charging unlawful possession only, and not transportation, under the National Prohibition Act.

The point in controversy is whether or not, under the circumstances, the government may proceed for a forfeiture of the car under section 3450, U. S. R. S.; the government contending that the libel proceeding is one independent of the other and may be maintained as such, while the contesting party holding the lien maintained that such a proceeding under the circumstances can only be brought under section 26 (of title 2) of the National Prohibition Act (U. S. C. tit. 27, § 40 [27 USCA § 40]), providing for the forfeiture of automobiles and vehicles found to be used for the transportation of liquor in violation of the act.

Counsel for both parties readily concede that the case must be controlled by the interpretations of the Supreme Court laid down in United States v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025, and Port Gardner Investment Co. v. United States, 272 U. S. 564, 47 S. Ct. 165, 71 L. Ed. 412. An examination of these authorities justifies the conclusion that the Supreme Court in the Ford Coupé Case decided that section 26 of the National Prohibition Act and section 3450 of the Revised Statutes were not necessarily in conflict, and that by subsequent legislation Congress adopted and retained all the prohibitive features of the revenue act, including that which provided a tax on whisky manufactured and possessed.

The high court was apparently divided in its views, as is indicated by a very strong dissenting opinion by Mr. Justice Butler; he and his associates maintaining that in effect the Prohibition Law was a repeal of the revenue tax provisions as against liquor for beverage purposes, which under the circumstances and the provisions of that law could not be legally manufactured and sold or a tax paid thereon. Mr. Justice Stone, in a

short concurring opinion, takes the position that only in cases where it appears that the National Prohibition Act is not being invoked by the government upon the transaction, will section 3450 be available to the government.

The Ford Coupé Case came before the court upon a motion to quash the libel, and from the language of the majority opinion it appears that there were no facts in that case before the court which justified the conclusion that the case arose, or that any phase of it was being prosecuted, under the National Prohibition Act. This is clearly indicated by the language on page 324 (47 S. Ct. 155), which reads:

"The complaint made no reference to removal or transportation of liquor, nor to the use of a vehicle for such purpose, nor to any seizure, nor to [paragraph] 26 of the Prohibition Act. * * * It did not even mention an automobile or other vehicle. Nor did the libel state that a warrant issued on the complaint, or that Killian had been arrested or in any way prosecuted for any alleged violation of the Prohibition Act, or that his whereabouts was known."

In the opinion of this court the strict rule laid down by the majority opinion in the Ford Coupé Case cannot be invoked here. The circumstances are clearly before the court, not only by the mutual affidavits found in the records of both cases, tying the facts in both to one separate and distinct transaction, but from the oral evidence taken in the case that it was clearly an apprehension and arrest for violation of the National Prohibition Act in the unlawful possession and transportation of moonshine whisky. In addition to this it appears that the government has filed an information upon the transaction charging the driver of the car with unlawful possession.

In my opinion the government has invoked the National Prohibition Act, and has made that act its selection for whatever purposes may be covered by it in carrying out the law. The mere fact that unlawful transportation is not charged against the driver, under all the circumstances, which show that there was a likewise unlawful transportation, if there was an unlawful possession, justifies the conclusion that the only reason for not charging the transportation was in order to be relieved of prosecuting forfeiture under section 26 of the National Prohibition Act, leaving the prosecution free to pursue such remedy under section 3450.

The only practical difference in result of the procedure under these two sections is

that under the one innocent owners or lienholders are protected, while under the other they are not. Carrying the analysis to its final conclusion, it would mean that, regardless of the circumstances, unless an actual prosecution were conducted for forfeiture under section 26, no legitimate and innocent owner or lienholder could be protected.

I hold that, where the circumstances appear by the evidence that there was an unlawful transportation in violation of the National Prohibition Act, the prosecuting officer is not permitted by mere caprice to drop from his prosecution the unlawful transportation, so as to avoid the consequences of the forfeiture proceeding authorized by section 26 of that act, and that in the case at bar at least he has affirmatively made his selection by moving the prosecution under that act.

[2] Again, the question arises, regardless of the foregoing proposition, as to whether or not there is any evidence in the case which would justify the conclusion that there was any proven intent on the part of any one to avoid payment of a tax to which the transported whisky might be subject. There is no direct proof of intent to avoid the payment of tax, except such as might possibly be inferred from the circumstances, and the inference from the circumstances would seem to run along the line that the driver of the car had no idea of avoiding a tax, but that in truth and fact his intent was to possess and transport liquor proscribed by the National Prohibition Act. This is strengthened immeasurably by the fact that there would be no way in which he could possibly pay a tax upon this kind of liquor under the circumstances here shown, thereby negativing any implied intent to avoid the payment of tax.

Inasmuch as the libel proceeding would be substantially the same, whether invoked under section 3450, Rev. St., or section 26 of the National Prohibition Act, I see no reason why the case cannot be disposed of upon its merits as being brought under section 26. The evidence clearly showing that the company holding the conditional sale is an innocent lienholder, and no circumstances being presented to court which would justify a conclusion that this lienholder had any notice or knowledge of the unlawful use of the car, the owner or lienholder should be and will be protected by the proper methods of having his lien satisfied, and the balance of the proceeds turned to the government through the regular channels.

An order and decree may be prepared accordingly, reserving to the plaintiff proper exceptions.