### In re C. I. T. CORPORATION.

District Court, N. D. New York. August 29, 1928.

Douglas A. Calkins, of Albany, N. Y., for petitioner.

Oliver D. Burden, U. S. Atty., of Syracuse, N. Y. (B. Fitch Tompkins, Asst. U. S. Atty., of Syracuse, N. Y., of counsel), for the government.

BRYANT, District Judge. This is an application for an order perpetually restraining the United States, its officers and agents, and especially the collector of customs, from disposing of the above-described Dodge roadster, in compliance with sections 459, 593, 594, 607 and 608 of the Tariff Act of 1922 (19 USCA §§ 275, 496–498, 514, 515). The facts, as shown by the petition and records of the court, are substantially as follows:

On May 2, 1927, the car in question, while being driven by one Ashton Temple, was stopped and searched by United States customs officers and found to contain 12 cases of Canadian ale. The car was seized by customs officers, and at the time of the submission of this application was held by United States Customs Collector John C. Tulloch, of Ogdensburg, N. Y., District No. 7. Temple was arrested, taken before a United States commissioner, and charged with violation of sections 459, 460, 593, and 594 of the Tariff Act of 1922 (19 USCA §§ 275, 276, 496–498). It is possible that the said Temple also was held to answer charges of violations of the National Prohibition Act (27 USCA), but these records are not before me, and I have no knowledge in that regard. On May 24, 1927, the United States attorney filed in the United States District Court a criminal information against Temple, charging him with violation of the National Prohibition Act. The records do not show why the charges of violation of the Tariff Act were not pressed.

On that date Temple entered a plea of guilty to both counts of the information—i. e., unlawful possession and transportation—and sentence was deferred until the October term of court, and the defendant was released in custody of a prohibition officer. That court was presided over by another judge, and therefore I am unable to state the reason for deferring of sentence. At the time of submission of this application, sentence had not been imposed, and no order of confiscation and sale of said car under the provisions of the National Prohibition Act had been made. Pursuant to section 607 of the Tariff Act of 1922, proper notice of summary forfeiture of said roadster was published and given by said collector of customs. The notice was published May 18, May 25, and June 1, 1927. No claim or cost bond, as provided for by section 608 of the Tariff Act, was filed with said collector, and on June 7, 1927, the car was declared forfeited, pursuant to provisions of section 609 of the Tariff Act (19 USCA § 516). In accordance with said section 609, the car was duly advertised to be sold September 2, 1927.

The petitioner herein claims title to the car by reason of the provisions of a conditional sale contract. On August 31, 1927, the judge before whom Temple was arraigned, upon the application of petitioner, granted an order requiring the United States to show cause why the relief, at the beginning stated, should not be granted. The show cause order temporarily enjoins and restrains the collector from selling said car, and in compliance with the provisions of said order the sale of said car has been postponed.

The question involved is the application and effect of the decision of the Supreme

Court in Port Gardner Investment Co. v. U. S., 272 U. S. 564, 47 S. Ct. 165, 71 L. Ed. 412, with the provisions of the Tariff Act of 1922. Sections 606–609, Barnes' Supplement, §§ 4541—147 to 4541—150 [19 USCA §§ 513–516]). These provisions of the Tariff Act, in short, provide that, if property is seized by the collector for violation of the customs law, it shall be appraised, and, if the value does not exceed $1,000, the collector shall proceed to publish notice and summarily forfeit the property, unless claim is made to the property and cost bond filed with the collector within 20 days after the first publication, and after forfeiture the car shall be sold. The matter need not be reported to the United States attorney for libel or other action, unless claim is made as above stated.

■ These provisions for statutory or summary forfeiture do not seem to have been held invalid. They have never been questioned in reported cases. They have been in daily use the country over since 1844, as a necessary and orderly aid in the collection of revenue and as a bar to the importation of prohibited articles. It cannot be assumed that Congress intends to abandon this procedure, or that it has been overlooked; for it was not only re-enacted in the Tariff Act of 1922, but the value of the property subject to be thus forfeited was raised.

■■ The distinction between a libel action in court under internal revenue laws (Rev. Stat. § 3450 [26 USCA §§ 1181, 1182; Comp. St. § 6352]), or the customs law, where the value of the article is in excess of $1,000, and a summary forfeiture under section 609 of the Tariff Act, must be borne in mind. · Under the two provisions first above mentioned the Commissioner or collector has no right to forfeit a seized automobile. A libel for such forfeiture must be filed by the United States Attorney. The seized property, then, comes directly under the jurisdiction of the court, and all proceedings affecting its disposition would be governed by the decision in Port Gardner Investment Co. v. U. S., cited above, provided, of course, the facts of the case bring it within the scope of that authority.

But under the latter provisions (section 609, Tariff Act) the situation is different. No action on the part of the United States attorney is necessary; no libel action is brought, and the property is not under the jurisdiction of the court. It remains in the custody and under the control of the seizing officer, who proceeds against it according to statute. Whether or not the United States attorney later . lays criminal charges against the owner or driver does not affect the summary proceeding. Summary forfeiture under section 609 of the Tariff Act, unlike forfeiture under the provisions of the National Prohibition Act, does not depend upon criminal conviction. No one may be arrested, and, if arrested, may be acquitted, and yet summary forfeiture may be had.

■■ The owner could have filed claim and cost bond with the collector, as provided by section 608 of the Tariff Act of 1922, before forfeiture was effected (June 7, 1927), and thus brought the automobile under the jurisdiction of this court. He, having failed to take advantage of the protection offered, even though because of lack of knowledge of the seizure, must be left to the remedy provided by section 618 of the Tariff Act (19 USCA § 532). The customs officials having proceeded according to the statute, and a legal forfeiture having been declared, the car must now be disposed of in accordance with the provisions of the Tariff Act.

The motion is hereby denied. ·