424

UNITED STATES v. ONE PACKARD
ROADSTER AUTOMOBILE, ENGINE
No. U–105–464–A.

District Court, S. D. California, N. D.
November 17, 1928.

No. 416–M.

Harry Graham Balter, Asst. U. S. Atty., of Los Angeles, Cal.

Bailie, Turner & Lake, of Los Angeles, Cal., for respondent.

McCORMICK, District Judge. This is a libel in two counts, the first under section 3450 of the Revised Statutes of the United States (26 USCA §§ 1181, 1182), and the second under sections 3061 and 3062 of the Revised Statutes of the United States (19 USCA §§ 482, 483). Inasmuch as the libel must be sustained under the first count thereof, I will not consider the applicability of the sections of the Revised Statutes under which the second count is framed.

The libel is for forfeiture of an automobile. The first count substantially alleges that the automobile, at the time of seizure, was being used by one Grover C. Stevens to conceal and for the deposit of 12 quarts of intoxicating liquor, with the intent to defraud the United States of certain taxes that were due upon said liquor under applicable acts of Congress. The claimants and interveners, Hightower & Cromer, a co-partnership, had sold said automobile to Stevens under a conditional sales contract, with reservation of title in them until the full purchase price had been paid. At the time the libel was filed, Stevens was in default in his payments of the purchase price, and such default has been declared by the vendors. It may be assumed that at the time of the seizure Stevens had so far breached the conditional sale contract that as against him the claimants are entitled to the automobile. They had no knowledge or cause to suspect that Stevens was using or had used the automobile for any illicit purpose, and the illegal transactions with liquor by the use of the automobile were against the consent of claimants and contrary to the terms of the sales contract.

The cause has been submitted upon a stipulation of facts filed herein, from which it appears that at no time when the liquor involved in this matter was in the automobile was the car moving or in motion. The agreed facts are that the automobile and its occupants, Stevens and Mead (Stevens being at the wheel when the seizure occurred, and he had been driving at all times before the car came to a stop), aroused the suspicion of the federal prohibition agent as the car traveled along public streets around Bakersfield, Cal.; that the agents followed the automobile, and observed it turn into an alley and stop in the rear of 2109 Nineteenth street, Bakersfield, Cal. Mead got out of the automobile, secured a paper carton or box, returned to the standing automobile, carrying the package, and had placed the carton in the automobile, and was getting into the stationary car, when the prohibition agent drove alongside and apprehended Mead, sitting in the automobile with the carton between his feet on the floor of the car. Thereupon the agent, and an informant who accompanied him, took possession of the carton, which was the same one that the agent had previously seen Mead carry and put into the stationary car, and, upon removing the paper, found in the box 12 quart bottles of port wine, which were deposited and concealed in the automobile, so that they could not be seen without opening said paper box. Mead told the agent that the wine belonged to him, and upon inquiry of Stevens, the driver, he said that he and Mead were partners and were working together. The two men were then arrested, and the car removed to a garage, where it was stored by the government agents.

During all of the time of the aforesaid activities with the box and contents, the automobile was stationary and was not in motion, and when seized by the agents immediately after the discovery of the liquor re-

mained standing, and had not moved from the time that Mead was observed coming toward the car with the box and contents that he placed within the automobile. There were no revenue stamps or marks of any kind to indicate that the revenue due thereon had been paid. It was further stipulated that, subsequent to the arrest of Stevens and Mead and the seizure of the automobile, both Stevens and Mead were charged by information, filed in the federal District Court, with unlawful possession of the intoxicating liquor found in the car, contrary to section 3, title 2, of the National Prohibition Law (27 USCA § 11), and thereafter Stevens pleaded guilty to said charge and paid a fine that was imposed upon him by the court. Mead has never been apprehended or arraigned on said charge, and a bench warrant has been issued for his arrest, but remains unexecuted.

■ It is contended by claimants that section 3450, supra, is not applicable or available under the stipulated facts, the argument being that the evidence proves that the possession of the liquor by Mead in the automobile was incidental to the transportation of such liquor, and therefore under United States v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025, Port Gardner Investment Co. v. United States, 272 U. S. 564, 47 S. Ct. 165, 71 L. Ed. 412, and Commercial Credit Co. v. United States, No. 258, 276 U. S. 226, 48 S. Ct. 232, 72 L. Ed. 541, this libel must be dismissed. I cannot agree with this contention.

There is no express statement in the agreed facts that would warrant a finding that the possession of the liquor in the automobile was incidental to or a part of its transportation, or in any manner connected with the transportation of liquor, and the only inference deducible from the agreed facts is that the intoxicating liquor was secured by Mead after the car had stopped in the alley, and that the liquor was deposited and concealed by Mead in the car while the automobile remained standing in the alley, and that the seizure of the car took place immediately after the deposit of the liquor in it, and before it had moved at all. The fact that the driver stated that he and Mead were partners in liquor activities is in my opinion, when considered with the undisputed physical facts, insufficient to show that the liquor was possessed in transportation, so as to bring it under the Commercial Credit Co. Case, supra. There is no fact alleged in the libel or stated in the stipulation that in my opinion justifies or warrants the inference that the possession of the liquor was in or incidental to the transportation.

It would be mere surmise and conjecture to draw a deduction that the liquor was being possessed incidental to its transportation by the automobile. As I read the cited decisions of the United States Supreme Court, they hold that, where one is in possession of liquor in an automobile, and such possession is incidental to transportation, and where the person having such possession is prosecuted with effect for unlawful possession in transportation of intoxicating liquor for beverage purposes, then and in such cases the government may not resort to the drastic method of forfeiting the offending vehicle under said section 3450; that in such cases it is relegated to proceedings under section 26 of the National Prohibition Law (27 USCA § 40), where the equities of innocent lienholders and vendors may be considered; but to possess liquor incidental to its transportation in an automobile is one thing and to possess liquor and deposit and/or conceal it in a stationary automobile is quite another thing.

I have found no decision of the United States Supreme Court, or of any other authoritative federal court, that would preclude the United States from employing section 3450 for the forfeiture of the offending automobile under the agreed facts of this matter. To hold that a vehicle can be seized for transporting a commodity, when there is no evidence whatsoever that will justify a finding that the vehicle at any time involved in the controversy was moving, would be to extend the term "transporting" to a degree that its meaning does not justify.

It is noteworthy in this matter that there is no allegation in the libel that would justify a conclusion that the libeled vehicle was at any time engaged in transporting or removing the contraband liquor. On the contrary, the vehicle is alleged to have offended by being used to "possess," "deposit," and "conceal" the intoxicating liquor. These terms, "possess," "deposit," "conceal," have no necessary relations to transporting or removing; so that the libel here proceeds, not upon the use of the vehicle in any act of "transportation" "or removal," but upon acts which are generically distinct and in no sense necessarily associated with or included within the terms "transportation" or "removal."

■ The claimants' further contention that the intent to defraud the government of

the tax, which is an essential prerequisite to forfeiture of vehicles under section 3450 has not been established cannot be sustained. It would seem to me that, it having been agreed that there were no stamps, marks, or labels upon the containers of the liquor to show that any tax had been paid at any place, and there being no affirmative evidence that showed any tax to have been paid on the liquor, the intent to defraud the government of the tax may reasonably be inferred from the facts proven. See United States v. One Oldsmobile (D. C.) 22 F.(2d) 441; U. S. v. One White One-Ton Truck (D. C.) 4 F.(2d) 413; Commercial Credit Co. v. United States (2 C. C. A.) 18 F.(2d) 927.

Findings and decree of forfeiture and sale are accordingly ordered for the libelant herein on the issues under the first count of the libel and the United States attorney will prepare and present an appropriate decree in accordance herewith.