## In re COMMERCIAL INV. TRUST CORPORATION.

District Court, W. D. New York. March 16, 1929.

Frederick Devlin, of Buffalo, N. Y., for petitioner.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Joseph J. Doran, Asst. U. S. Atty., of Rochester, N. Y., of counsel), for the United States.

ADLER, District Judge. This is a petition made by the Commercial Investment Trust Corporation, praying that a Studebaker sedan automobile be turned over and released to them.

On or about June 27, 1927, one Frederick M. Schwab purchased the automobile in question from Clark H. Butts, of Medina, N. Y., making a part payment of the purchase price thereof and a conditional sales agreement to pay the balance of $1,221.50 in 11 monthly installments. Thereafter the Commercial Investment Trust Corporation purchased the conditional sales agreement and became the conditional vendor and holder of the legal title of the automobile. Schwab defaulted in his first payment, and there remains due to the Commercial Investment Trust Corporation $1,221.50, with interest thereon.

About October 5, 1927, Schwab was arrested by New York state troopers while driving the automobile on the Ridge road in Orleans county. He was charged with the possession and transportation of intoxicat-

ing liquor. The automobile was taken charge of by the Prohibition Department of the United States government and placed in a storage warehouse at Rochester, N. Y. On October 6, 1927, the Prohibition Department turned the automobile over to the Customs Department of the United States government at Rochester, N. Y.

Schwab was brought before a United States commissioner and charged with (1) transportation and possession of intoxicating liquor; (2) violating the Tariff Act. The Commissioner dismissed the charge of violation of the Tariff Act. Schwab has never been proceeded against on either count.

The Customs Department adopted the seizure of the automobile and proceeded to forfeit it in accordance with sections 606, 607, and 609 of the Tariff Act (USCA tit. 19, §§ 513, 514, and 516), and gave the notice required by section 607 of the act (USCA tit. 19, § 514). Notice for claims was published in the Orleans County Republican, at Albion, N. Y., once a week for three weeks, ending October 27, 1927. Thereupon the automobile was summarily forfeited to the government.

Some time after that the petitioner learned for the first time that the car was in possession of the Customs Department. It then made application to the Secretary of the Treasury, under the provisions of section 618 of the Tariff Act (USCA tit. 19, § 532), for a return of the car to the petitioner. The application was made on the ground that the petitioner was an innocent lienor, and that it had not learned of the seizure and the advertising in time to file a claim and cost bond with the collector, as provided by section 608 of the Tariff Act (USCA tit. 19, § 515). The application of the petitioner was denied by the Secretary of the Treasury.

■ The proceedings under the provisions of the Tariff Act were regularly taken. The Customs Department had the right to adopt the seizure and forfeit the car under the provisions of the Tariff Act. U. S. v. Two Automobiles (D. C.) 2 F.(2d) 264; Taylor v. U. S., 3 How. (44 U. S.) 197, 205, 11 L. Ed. 559.

■ The sale of the automobile under the Tariff Act is in legal effect and operation equivalent to a sale under a judicial decree of condemnation. McGuire v. Winslow (C. C.) 26 F. 304.

■ The Secretary of the Treasury refused the application of the petitioner. The power intrusted in him is not a judicial one, but one of mercy, to mitigate the severity of the law. It was the exercise of his discretion in a matter intrusted to him alone, and from it there

is no appeal. Dorsheimer v. U. S., 7 Wall. (74 U. S.) 166, 19 L. Ed. 187; Gallego v. U. S., Fed. Cas. No. 5201; In re C. I. T. Corporation (D. C.) 28 F.(2d) 50.

The proceedings having been taken according to the statute, and the petitioner having had his application to the Secretary of the Treasury denied, this court will take no action in the matter.

Petitioner's application is denied.