**UNITED STATES v. ONE BUICK AUTOMOBILE.**

**No. 1213.**

District Court, S. D. Texas, at Houston.
March 25, 1930.

H. M. Holden, U. S. Atty., and M. S. McCorquodale, Asst. Dist. Atty., both of Houston, Tex.

W. R. Scruggs and Abe W. Wagner, both of Houston, Tex., for defendant.

HUTCHESON, District Judge.

In this case one J. A. Roberts, having used a parked Buick coupé as a place in which to store and from which to sell whisky, was tried and convicted for possession and sale of intoxicating liquor. The car, having been seized by the officers, was libelled under section 3450, Rev. St. (26 USCA § 1181).

The Brazos Valley Buick Company and Bob Sullivan, the one holding a mortgage and the other being an indorser on the notes secured by the car, intervened, pleading and proving innocence and want of complicity in the unlawful act, or any guilty knowledge.

The bottles containing the whisky, which were concealed in the coupé, had no revenue stamps on them.

At the conclusion of the case, the government moved for judgment, on the ground that the uncontradicted evidence showed the deposit and concealment in the car of tax unpaid liquors with intent to defraud the government of the tax.

The interveners resist the government's forfeiture (1) on the ground that the evidence does not show the requisite facts to make section 3450 applicable; and (2) that Roberts, the person who used the car unlawfully having been prosecuted under the National Prohibition Act (27 USCA), the government was bound to proceed against the car under that act and not under section 3450.

The government and interveners have cited many authorities. The trouble and confusion which undoubtedly did exist, if it does not now exist, in the law on the point arises out of the fact that the National Prohibition Act was framed with the recognition of and a regard for the rights of bona fide claimants of the vehicle seized, while section 3450, the Revenue Act passed many years ago, took no account of bona fides.

The prosecuting office, having two statutes applicable at least generally to the same state of facts, has invoked the one or the other according to the prosecutor's point of view, while bona fide claimants have struggled to bring about the application of the Prohibition Act in all these cases.

The decisions on the point reflect quite well the impact upon the minds of the different judges of these conflicting views. Some of the judges have felt that the claims of innocent owners, and others that the claims of the government, should be given paramount protection, with the result that a matter which ought to have been settled by congressional enactment, so that an industry concerned as much with credit as the automobile industry is, would know what to expect from the law, has been mulled over by many judges, with here a victory for strict, and there one for a liberal, construction.

The government in United States v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025, scored a victory by overthrowing two contentions of the industry which had found some favor with some of the lower courts, that section 3450 was entirely superseded by title 2, § 26, National Prohibition Act (27 USCA § 40), and, if not, that proof of finding tax unpaid liquor in the vehicle was not sufficient proof, while in the same volume, Port Gardner Inv. Co. v. United States, 272 U. S. 564, 47 S. Ct. 165, 71 L. Ed. 412, the industry scored a temporary victory by obtaining a decision that prosecution with effect of the driver of the car under section 26 constituted an election by the government to proceed thereunder, making the disposition of the automobile prescribed in that section mandatory thereafter, and preventing the forfeiture of the car under section 3450; a concurring opinion in that case also suggested that, upon the discovery of one in the act of transportation in a vehicle, the government must proceed to forfeit it under section 26.

Thereafter in Commercial Credit Co. v. United States, 276 U. S. 226, 48 S. Ct. 232, 72 L. Ed. 541, the facts showing a seizure of an automobile in the act of transporting liquor and prosecution under the National Prohibition Act on the charges of unlawful possession and transportation, and plea of guilty to the unlawful possession incident to and involved in the transportation and a dismissal of the transportation charge, the Supreme Court held that the prosecution for possession and transportation where the possession was involved in the transportation, though the transportation count was dismissed, constituted an election to proceed under section 26, barring procedure under section 3450.

Since these decisions, the controversy between government and industry has gone on with unabated vigor, and out of the welter of decisions of the lower courts has emerged an authoritative line of decisions resting indeed upon a narrow and a literal base, but well and clearly defined, which is, that section 3450 may be invoked in cases where no element of transportation under the National Prohibition Act is in fact involved. United States v. General Motors Acceptance Corporation (C. C. A.) 25 F. (2d) 238; United States v. One Studebaker (C. C. A.) 32 F.(2d) 866.

There is a strong line of authorities that, where there was transportation, but the United States District Attorney's office elected not to proceed criminally under the National Prohibition Act, even though the seizing and arresting officers did proceed under such Act in both the matter of the seizure and in filing the complaint, section 3450 may still be invoked. Richbourg v. United States (C. C. A.) 34 F.(2d) 38; Davies Motors Co. v. United States (C. C. A.) 35 F.(2d) 928, though contra, United States v. General Motors Acceptance Corp. (C. C. A.) 25 F.(2d) 238, but upon the decision of this case this conflict in authority has no bearing, for here was no proof at all of transportation, but a typical case of deposit and concealment, as in United States v. One Studebaker Automobile (C. C. A.) 32 F.(2d) 866, and under all the authorities such facts make proper the invocation of section 3450.

That section being applicable, I think it plain that, under the line of authorities following United States v. One Ford Coupé Automobile, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025, and illustrated in Commercial Credit Co. v. United States, 276 U. S. 226, 48 S. Ct. 232, 72 L. Ed. 541; United States v. One Packard (D. C.) 29 F.(2d) 424; General Motors Acceptance Corp. v. United States (C. C. A.) 32 F.(2d) 121; United States v. C. I. T. Corporation (C. C. A.) 31 F.(2d) 680; Commercial Credit Corporation v. United States (C. C. A.) 18 F.(2d) 927, the evidence amply supports the conclusion of fact which I draw, that the liquor was deposited and concealed in the automobile to avoid the payment of the tax, as well as to carry on

the business therefrom of the unlawful vending of liquors, and that it follows that the United States should have its judgment of forfeiture.