## UNITED STATES v. ONE FARGO TRUCK.
### No. 413.

District Court, S. D. Texas, Laredo Division. Dec. 31, 1930.

H. M. Holden, U. S. Atty., and M. S. McCorquodale, Asst. U. S. Atty.; both of Houston, Tex.

Biggers & McDonald, of Dallas, Tex., for intervener.

HUTCHESON, District Judge.

This proceeding is brought for the forfeiture of a certain truck which, when seized, had in it 39 cases of alcohol and 473 bottles of whisky. The facts as to the place where and the circumstances under which the seizure occurred are as follows:

Two patrol inspectors for the United States Immigration Service, while patrolling one of the main highways in Webb county, Tex., known as the Mines road, in their search for aliens unlawfully entering the United States, saw the truck in question coming down the road, and stopped it to investigate whether it had aliens aboard. The driver, John Paul Brazil, told them that he had a load of liquor. The officers made neither search nor seizure of the car, but directed the driver to wait until the customs inspector, John Chamberlain, could be summoned.

Upon his arrival, he searched the car, and finding, as he believed, intoxicating liquors of foreign manufacture therein, the truck and liquors were seized, delivered to the customs office in Laredo, and thereafter proceedings were taken against the driver and against the car under the customs acts. The intervener, Commercial Credit Company, Inc., set up a bona fide lien upon the truck, moved for a dismissal of the libel, and, in the alternative, for judgment recognizing its lien as a valid claim against the proceeds of the sale.

Upon the trial, the intervener established that it was a bona fide lienor, and sought to protect its lien by the claims (1) that no reasonable ground for the seizure existed; (2) that there was no sufficient proof that the liquors were of foreign manufacture and had been unlawfully smuggled into the United States; and (3) that at all events the liens should be protected because, as they insist, section 26, title 2, of the National Prohibition Act (27 USCA, § 40), has superseded the customs laws in all cases of the transportation of intoxicating liquors, whether smuggled or otherwise, and has made it mandatory upon the seizing officer to proceed under that section with the adequate protection provided in it for bona fide lienors.

As to the first point, it is sufficient to say that no constitutional rights of the intervener were invaded by the search in question, and intervener has no standing to raise it. United States v. One Buick Automobile (D. C.) 21 F.(2d) 789; Cantrell v. United States (C. C. A.) 15 F.(2d) 953; Graham v. United States (C. C. A.) 15 F.(2d) 740; Van Dam v. United States (C. C. A.) 23 F.(2d) 235.

As to the second point, it is sufficient to say that the evidence as to the character of the liquor, the place where and the manner in which it was obtained, and the circumstances under which the seizure was made abundantly support the government's contention that it was smuggled liquor, Tomplain v. United States (C. C. A.) 42 F.(2d) 203; Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790, to say nothing of the conviction of the defendant on the criminal charge, United States v. One Ford (D. C.) 21 F.(2d) 628.

The third point as to the law applicable to the forfeiture presents the serious and difficult question in the case.

In United States v. One Ford, 292 F. 207, this court made an attempt to examine the state of the law on the point, and then reached the conclusion, upon the grounds there set out, that the customs laws applied.

I am not unmindful of the struggle which has since the time of that decision been waged between the government and the automobile industry over the efforts of the government to apply section 3450, Rev. St. (26 USCA §§ 1181, 1182), with its rigorous forfeitures, rather than section 26, tit. 2, National Prohibition Act, with its protection of bona fide lienors, and in United States v. One Buick Automobile, 39 F.(2d) 107, this court has undertaken to outline and to walk the narrow path made by that conflict.

It is now contended that the case of Richbourg Motor Co. v. United States, 281 U. S. 528, 50 S. Ct. 385, 74 L. Ed. 1016, had the effect not only to settle the issue in conflict in favor of the industry, as between section 3450, Rev. St., and section 26 of title 2 of the National Prohibition Act, but also the broader effect of declaring section 26 applicable in cases of customs seizures as well, and to require forfeitures under that section with court protection of a bona fide lienor rather than under the customs sections with the administrative protection there provided.

While, in the light of some of the expressions in the Richbourg Case as to the purpose and intent of the Congress in enacting section 26 and as to its mandatory character in all cases where the transportation of intoxicating liquor is involved, I cannot say that the law is free from doubt, or that what the Supreme Court will say when the point is before it is foreshadowed, it is yet entirely

plain to me that the Supreme Court did not in the Richbourg Case have the matter of the customs statutes before it, and that that case is not authority for the position taken by intervener here.

Nor, though I do believe that it would be the duty of the court wherever possible to give effect to the intention of Congress to give protection to a bona fide lienor in an industry affecting as many people as the automobile industry does (United States v. One Paige Automobile (D. C.) 277 F. 524; United States v. One Ford (D. C.) 292 F. 207, 208; United States v. One Buick Automobile (D. C.) 39 F.(2d) 107), can I find any warrant in the present state of the law for the view pressed here by intervener, that, because of the mandatory language of section 26, it shall be held to have superseded and displaced, in all cases where liquor is concerned, the equally mandatory language in the customs laws, with their elaborate provisions for administrative seizures and forfeitures in small value cases, and for judicial forfeiture and later administrative remissions in matters of larger value.

It seems to me, where a car is found with smuggled liquor in it, the government has the option, in the present state of the law, to proceed under the customs or the prohibition statutes in the forfeiture of the cars as it is advised, and this wholly independent of the proceedings taken in, or in the course of, the criminal case.

So believing, the claim of the intervener will be denied, and the government's forfeiture will be made absolute.