## AWALT et al. v. UNITED STATES.

### No. 4394.

Circuit Court of Appeals, Third Circuit.

Feb. 16, 1931.

Rehearing Denied March 27, 1931.

F. M. P. Pearse, of Newark, N. J., for appellant.

Phillip Forman, U. S. Atty., and Douglas M. Hicks, Asst. U. S. Atty., both of Trenton, N. J.

Before BUFFINGTON and DAVIS, Circuit Judges, and THOMPSON, District Judge.

DAVIS, Circuit Judge.

This is an appeal from a judgment entered upon the verdict of a jury finding the defendants guilty. The indictment contained three counts. The first charged conspiracy, the second transportation, and the third importation of a large quantity of intoxicating liquor contrary to law.

The defendants were the captain and mate of the vessel Malbo. Members of the Coast Guard at Little Egg Harbor Inlet on the Atlantic Ocean, Atlantic county, N. J., observed the Malbo proceeding up the Inlet. They went out to the vessel. Cecil M. Guthrie, one of the members of the Coast Guard, boarded the Malbo and asked the captain with what he was loaded, and he replied, "Booze, rum." Thereupon the defendants were arrested, and the Malbo with the liquor was seized and turned over to the captain of the Coast Guard.

The defendants say that there was nothing suspicious about the vessel or her actions upon which probable cause for her seizure and the arrest of the defendants could be predicated, that the seizure and arrest were illegal and it was error to refuse to suppress the evidence obtained through boarding the vessel, and that, when Guthrie went on board the Malbo he should have asked for the vessel's manifest.

If there had been a manifest on board, it would have disclosed only what the captain willingly told Guthrie. The captain, when asked what he had on board, could have produced the manifest or told Guthrie what the cargo of the vessel was without producing it. He had both courses open to him, and he voluntarily chose the latter, and he cannot blame the Coast Guard for what he himself did. Where the defendant admits a fact, as here, that tends to show that the law is being violated, it is not error to receive in evidence the liquor seized, although the officer seizing it was not armed with a search warrant. The evidence sought to be suppressed was obtained after the admission that the Malbo was loaded with "booze, rum," and under these circumstances the evidence was legally admitted. Hilt v. United States (C. C. A.) 12 F.(2d) 504. Section 581 of the Act of September 21, 1922 (42 Stat. 858 [19 USCA § 481]) relating to "Boarding Vessels," authorizes officers of the Coast Guard to go on board of any vessel at any place within the United States or within four leagues of the coast

thereof "to examine the manifest and to inspect, search, and examine the vessel * * * and every part thereof, and any person, trunk, or package on board," etc., without the necessity of establishing probable cause or procuring a search warrant. Arch et al. v. United States (C. C. A.) 13 F.(2d) 382; Maul v. United States, 274 U. S. 501, 529, 530, 47 S. Ct. 735, 71 L. Ed. 1171.

The defendants say that they cannot be prosecuted for a violation of the National Prohibition Act because forfeiture proceedings against the Malbo had been begun for violations of the Tariff Act before the filing of the indictment against them; that the Tariff Act and the National Prohibition Act are each complete in themselves, and the government may not forfeit the vessel under the Tariff Act and prosecute the defendants under the National Prohibition Act.

Section 26 of title 2 of the National Prohibition Act (27 USCA § 40) provides that, whenever a vehicle is seized in the unlawful transportation of intoxicating liquor and the person in charge thereof arrested, "the court upon conviction of the person so arrested shall order the liquor destroyed, and unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized." In other words, when the United States attorney proceeds under the National Prohibition Act against the person in charge of the transporting vehicle, upon his conviction, the court must in a summary way under the authority of that section forfeit the vehicle and not resort to forfeiture proceedings under section 3450 of the Revised Statutes of the United States (26 USCA §§ 1181, 1182). Port Gardner Inv. Co. v. United States, 272 U. S. 564, 47 S. Ct. 165, 71 L. Ed. 412. But section 26 of the National Prohibition Act is not authority for the converse of the proposition, that, when the vehicle has been forfeited under section 3450 of the Revised Statutes, the United States Attorney may not proceed against the person in charge of the transporting vehicle under the National Prohibition Act. No authority, statutory or decisional, was cited in support of the proposition, and we are not disposed to legislate by judicial construction.

The defendants in this case did not pretend to own the Malbo. They were apparently employees of the owner. They had no rights in and were in no way concerned with the forfeiture proceedings. They were strangers to them, and the Willis-Campbell Act is inapplicable to the facts of this case. It provides that:

"All laws in regard to the manufacture and taxation of and traffic in intoxicating liquor * * * shall be and continue in force * * * except such provisions of such laws as are directly in conflict with any provision of this title; but if any act is a violation of any of such laws and also of this title, a conviction for such act or offense under one shall be a bar to prosecution therefor under the other." Section 5 (27 USCA § 3).

The testimony establishes that the last port from which the Malbo sailed was Shelburne, Nova Scotia; that the liquor was taken on board on the high seas and brought into Little Egg Harbor Inlet, the "adjacent waters" of the United States. The captain said that he came in because he was short of water, though examination disclosed that there were 300 gallons of fresh water in the tanks of the vessel. We think that this constituted importation. Cunard S. S. Co. v. Mellon, 262 U. S. 100, 43 S. Ct. 504, 67 L. Ed. 894, 27 A. L. R. 1306.

The mate of the vessel, Awalt, contends that Captain Meisner was in charge of the Malbo, and that there is nothing to show guilty knowledge on his part. But the character and quantity of the cargo and the fact that they sailed from Shelburne without a cargo and picked one up on the high seas without any protest or disclaimer of responsibility by him are sufficient to sustain the conclusion of the jury that he knew what he was doing and was responsible therefor. Bach v. United States (C. C. A.) 31 F.(2d) 423.

We think there was evidence to sustain the verdict, and the judgment is affirmed.