### UNITED STATES v. ONE CHEVROLET AUTOMOBILE (GENERAL MOTORS ACCEPTANCE CORPORATION, Claimant).

District Court, M. D. Alabama, N. D., at Montgomery. August 24, 1927.

No. 398.

1. Internal revenue ⬅46—Innocent owner's or lienor's interest in automobile carrying liquor and seized by prohibition enforcement officers held not subject to confiscation under revenue Statute (Rev. St. § 3450 [26 USCA §§ 1181, 1182]).

Rev. St. § 3450 (26 USCA §§ 1181, 1182 [Comp. St. § 6352]), was designed as an aid in the enforcement of the Revenue Law, not the National Prohibition Law (27 USCA [Comp. St. § 10138¼ et seq.]). hence, where officers, in enforcement of latter only, found liquor in the automobile of innocent owner, automobile *held* not subject to confiscation under section 3450, so as to deprive the innocent owner or finance company lienor of property rights.

2. Internal revenue ⬅46—Confiscation of automobile seized by prohibition officers is governed by the terms of the Prohibition Act, not by the Revenue Act (Rev. St. § 3450 [26 USCA §§ 1181, 1182]; National Prohibition Act, tit. 2, § 26 [27 USCA § 40]; Willis-Campbell Act).

Where liquor in an automobile was seized by prohibition enforcement officers, seizure and forfeiture of the vehicle should, in view of Willis-Campbell Act (42 Stat. 222), be made under section 26 of title 2 of the National Prohibition Act (27 USCA § 40 [Comp. St. § 10138½mm]), and not under Rev. St. § 3450 (26 USCA §§ 1181, 1182 [Comp. St. § 6352]), relative to revenue.

3. Internal revenue ⬅46—Statute relative to confiscation of vehicles used in transportation of liquor held solely a revenue, not a prohibition enforcement, measure (Rev. St. § 3450 [26 USCA §§ 1181, 1182]).

Rev. St. § 3450 (26 USCA §§ 1181, 1182 [Comp. St. § 6352]), relative to confiscation of vehicles used in unlawful transportation of liquor, was intended solely as a revenue, not a prohibition enforcement, measure; hence it cannot be used for latter purpose.

Forfeiture Libel. Proceeding by the United States against one Chevrolet automobile, motor No. 2997382, serial No. 9 AA

13310, license tag No. A–154–651, Alabama, claimed by the General Motors Acceptance Corporation. Libel dismissed.

J. Osmond Middleton, Asst. U. S. Atty., of Montgomery, Ala.

S. H. Dent, Weil, Stakely & Cater, and C. A. Stakely, Jr., all of Montgomery, Ala., for claimant.

CLAYTON, District Judge. [1] The Segrest-Gentry Motor Car Company sold the automobile described in the libel to J. E. Frederick for a partial cash payment and his negotiable paper for $450 for the balance of the purchase money. In that it was stipulated that the title to the automobile was in and should remain in the vendor until the payment of all the purchase money, and with the right to retake the machine in case of the failure to meet any future installment. This instrument was sold before maturity by the Segrest-Gentry Motor Car Company in regular course of business to the General Motors Acceptance Corporation, the claimant herein, and was owned by it at the time of the seizure by the federal prohibition officers.

It was established that Frederick, the purchaser of the automobile, had, in good faith, lent it on the day of its seizure to Edison Girdner, upon the request that he (Girdner) have it long enough to use it in going to his home to get his supper. The evidence further showed that Frederick was not in collusion or connivance with Girdner, who, from the evidence, abused the privileged use of the automobile lent to him for a short while for the purpose stated. The testimony leaves no doubt that Frederick bore a good character at the time of the purchase of the automobile and at the time of this trial; that he was not a bootlegger, and had never been even suspected of being or of having been engaged at any time in violating the Prohibition Law (27 USCA [Comp. St. § 10138¼ et seq.]). About 8:30 o'clock on the night when the automobile was lent, while Frederick, the purchaser and ostensible owner, was waiting for its return to him, Girdner drove it up and parked it across the street from where Frederick was. The prohibition officers, Roberts and Myrick, saw the automobile, went to it, and observed lying in the bottom of the automobile, which was an open touring car, certain packages wrapped in paper. Without search warrant they examined the packages and found them to be twenty pints of moonshine whisky. Under these circumstances they seized the liquor and destroyed it. Their actions in discovering

and destroying the whisky are approved, for they were in the lawful pursuance of their official duty.

The automobile was taken by the prohibition enforcement officers and the matter reported to the district attorney, who brought this libel under section 3450, R. S. (26 USCA §§ 1181, 1182 [Comp. St. § 6352]). On the trial of the case, the prohibition agents testified, in substance, that in seizing the liquor and the automobile they were not endeavoring to collect any taxes on the whisky, but were acting under the Prohibition Law, and to stop the transportation of and to prevent the sale of alcoholic beverages.

The foregoing statement seems to be a fair summary of all the facts necessary in the consideration of the law involved. There is no doubt that the claimant was the innocent purchaser and transferee of the negotiable paper, and was vested with the right to take the automobile on default of payment of the balance of the purchase money. The claimant's business was legitimate, and I do not think it was incumbent upon it to keep a daily watch over the automobile in order to see to it as to how it was used at any and all times.

In my opinion, the automobile cannot be condemned in this proceeding. In the argument cases were cited by the district attorney, and others by the attorneys for the claimant. Particular stress was laid upon United States v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025; but, after having read the very interesting opinion rendered by the learned justice for the majority of the court, it does not seem to me that anything was definitely decided, except that Judge Grubb, the District Judge, should not in that case have dismissed the libel on motion, but should have heard it on its merits, and that the Circuit Court of Appeals, Judge Bryan speaking, committed error in adopting the conclusion of the District Judge (4 F.[2d] 528). It also appears to me that in his concurring opinion Mr. Justice Stone bottomed his concurrence upon the idea that the case should have been heard in the District Court upon its merits rather than upon a motion to dismiss, in its nature a general demurrer.

In order to make more understandable my conception of the law applicable in the present case, the following language is quoted from the concurring opinion by Mr. Justice Stone in the Ford Coupé Case, supra, loc. cit. 335 (47 S. Ct. 159) the italics being supplied:

"I agree that the Willis-Campbell Act [42 Stat. 222] requires section 3450 of the Re-

vised Statutes and section 26 of [title 2 of] the National Prohibition Law (27 USCA § 40 [Comp. St. § 10138½mm]) to be so construed as to stand together in so far as they are not in direct conflict. I agree also that there conceivably may be a deposit or concealment of illicit liquor in an automobile with intent to defraud the United States of the tax upon it, which is not transportation within the meaning of section 26, and to that extent the two sections are not in conflict. But I cannot subscribe to those expressions in the opinion which seem to suggest that the two sections are not in direct conflict, in a case where there is transportation of liquor in a vehicle in violation of the National Prohibition Law with intent to defraud the United States of the tax. In that case, *section 26, it seems to me, plainly directs that the seizure shall be made and proceedings for forfeiture of the seized vehicle had under that section. In that event section 26 saves the interest of the innocent owner or lienor from the forfeiture required by section 3450. It appears to me that the conflict in such a case is direct and that section 26 by its terms is controlling.*

As I understand the law, natural justice, due process, and equal protection of the law will not allow the forfeiture of the property of the claimant, an innocent owner or lienor, who under the facts will lose its property and all opportunity to recover its value if it be now condemned. To sustain this libel, it seems to me, would be to confiscate the property of an innocent concern, which has pursued a lawful and not uncommon business in this highly commercial age. However that may be, I entertain no doubt that Congress has not passed any act so drastic as to authorize the taking and forfeiture of the property of this innocent owner or lienor. In the enforcement of the payment of the internal revenue tax on whisky, Congress deemed it necessary, and therefore provided, that teams and wagons hauling material to an illicit distillery, or the product therefrom, should be seized and forfeited. Furthermore, under the law as it now stands, it is more than doubtful to my mind, under the facts here, that the automobile involved can be condemned or confiscated under section 3450, R. S., which was designed as an aid in the enforcement of the revenue law and no other law.

[2, 3] Again, this libel proceeding was not brought under the National Prohibition Act, but under section 3450 of the Revised Statutes. Section 26 of title 2 of the National Prohibition Act, it seems to me, plainly directs that the seizure shall be made and pro-

ceedings for the forfeiture of the seized vehicle had under that section. In that event section 26 protects the interest of the innocent owner or lienor from the forfeiture required by section 3450. It appears to me, if there is a conflict, then in such a case section 26 by its terms is controlling. It must be remembered that section 3450, in contrast with the Volstead Act, was solely intended as an aid to raising revenue, while on the other hand the Volstead Act was to enforce prohibition and not to raise revenue. And I think that section 26 of title 2 of the National Prohibition Act saves the rights of the claimant as owner or lienor to the automobile here involved.

As a clear expression of my own view, I quote from the opinion of Associate Justice Robb, speaking for the Court of Appeals of the District of Columbia, in U. S. v. Milstone, 55 App. D. C. 356, 6 F.(2d) 481, where it is said that:

"Under the facts of this case, the primary offense of Jackson, the driver of the automobile"—that was the case here of Girdner, who had borrowed the car for a proper purpose and wrongfully used it in the transportation of liquor—"was the illegal possession and transportation of intoxicating liquor for beverage purposes. The failure to pay the revenue tax was a mere incident of the illegal possession and transportation. This must be so, since the possession and transportation were illegal in any event, regardless of the payment or nonpayment of the tax. In fact, there was no way in which Jackson might have paid the tax without inviting immediate prosecution for illegal possession. How, then, may it be said in reason that mere illegal transportation constitutes a 'removal' of liquor 'with intent to defraud the United States of such tax,' within the meaning of section 3450? Finding Jackson in the illegal possession of intoxicating liquor, the United States might have enforced, as against him, the provisions of the revenue law relative to the nonpayment of taxes, subject to the reservation in the Act of November 23, 1921 (42 Stat. 222), that, if any act is a violation of any revenue law and also of the Prohibition Act, a conviction under one shall be a bar to a prosecution under the other. Of course, as against Jackson, the right of forfeiture of any vehicle used in the illegal act was undoubted. But section 26 of the Prohibition Act permits an innocent owner of a vehicle used in the illegal transportation of intoxicating liquor to reclaim his property. Unless observance is given to the distinction we have found, section 26 is practically with-

out force, for in every case of illegal transportation the government may proceed under section 3450 and deprive the innocent owner of the right given him under section 26. Certainly Congress did not intend such a result. Observance of this distinction between the two acts gives full force and effect to all their provisions and to the evident intent of Congress."

The case has been heard and considered on its merits, and my conclusion is that the libel must be dismissed; and to that end appropriate decree and order will be entered.