## UNITED STATES v. GENERAL MOTORS ACCEPTANCE CORPORATION.

Circuit Court of Appeals, Fifth Circuit.
April 5, 1928.

No. 5222.

1. Intoxicating liquors ⬅246—Forfeiture of automobile under National Prohibition Act for transporting liquor is without prejudice to interests of innocent persons (26 USCA §§ 1181, 1182; National Prohibition Act, tit. 2, § 26 [27 USCA § 40]).

Proceeding for forfeiture of automobile used in unlawful transportation of liquor under National Prohibition Act, tit. 2, § 26 (27 USCA § 40), does not affect interests of innocent persons owning or holding lien on automobile, though forfeiture of car under Rev. St. § 3450 (26 USCA §§ 1181, 1182; Comp. St. § 6352), for concealing liquor with intent to defraud United States of revenue tax, defeats interest of innocent persons in car, as well as those guilty of the offense.

2. Intoxicating liquors ⬅246, 250—Proceedings for forfeiture of automobile seized for unlawful transportation of liquor were necessarily had under Prohibition Act, and did not prejudice innocent lienholder (26 USCA §§ 1181, 1182; National Prohibition Act, tit. 2, § 26 [27 USCA § 40]).

Libel proceedings for forfeiture of automobile, whose occupant was caught in act of unlawfully transporting liquor, were required to be had under National Prohibition Act, tit. 2, § 26, (27 USCA § 40), irrespective of whether occupant was tried under internal revenue law or National Prohibition Act, and interest of innocent lienholder in automobile was not forfeited, since forfeiture proceedings could not be had under Rev. St. § 3450 (26 USCA §§ 1181, 1182; Comp. St. §§ 6352), for concealing liquor with intent to defraud government of internal revenue tax.

Appeal from the District Court of the United States for the Middle District of Alabama; Henry D. Clayton, Judge.

Libel by the United States for the forfeiture of an automobile, opposed by the General Motors Acceptance Corporation, claimant. From a judgment dismissing the libel (21 F.[2d] 477), the United States appeals. Affirmed.

J. Osmond Middleton, Asst. U. S. Atty., of Montgomery, Ala. (Grady Reynolds, U. S. Atty., of Montgomery, Ala., on the brief), for the United States.

S. H. Dent, Davis F. Stakely, and Lee H. Weil, all of Montgomery, Ala., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is a libel of information under R. S. § 3450 (26 USCA §§ 1181, 1182; Comp. St. § 6352), for the forfeiture of an automobile. The libel alleges that one Girdner used the automobile in removing, depositing, and concealing intoxicating liquor with intent to defraud the United States of the internal revenue tax thereon. The General Motors Acceptance Corporation intervened as claimant and secured possession of the automobile upon giving bond conditioned to return it on the day of the trial to abide the judgment of the court.

The automobile had been delivered to J. E. Frederick under his contract to purchase it on the installment plan, and the dealer had assigned to the Acceptance Corporation the title which he had retained to secure an unpaid balance of the purchase price. Frederick lent the automobile to Girdner, and it was seized while in the possession of the latter by federal prohibition agents, who found liquor in it upon which no tax had been paid. Girdner did not manufacture the liquor, but claimed it as his property. It was admitted that his possession was unlawful, and that the seizure was made without a warrant. The prohibition agents testified that they saw Girdner driving the automobile; that he stopped just in front of them on a street in Montgomery, and as he did so they approached, made a search, and found in the automobile 20 pints of whisky wrapped up in newspapers; that they then seized the automobile, arrested Girdner, and swore out a warrant for him "under section 3450," although they were endeavoring to enforce the National Prohibition Act, and were not trying to collect taxes on distilled spirits. The record is silent as to whether there was any further criminal proceeding against Girdner.

Testimony on behalf of the Acceptance Corporation and by Frederick was to the effect that neither had knowledge or reasonable cause to believe that Girdner intended to make any illegal use of the automobile, and that testimony was found to be true by the District Judge, before whom the case was tried under written stipulation waiving a trial by jury. The District Judge held that a case of forfeiture under section 3450 was not made out, and dismissed the libel. 21 F.(2d) 477.

As the facts were testified to before the District Judge, and his findings thereon are not challenged, we accept it as true that the lienor and owner of the vehicle were innocent of any wrongdoing, and had no notice that the carrying vehicle was being used or was to be used for the illegal transportation of liquor.

[1, 2] If an automobile can be forfeited under section 3450, interests therein of those who are innocent are lost; but if it can be forfeited only under section 26 of title 2 of the National Prohibition Act (27 USCA § 40), such interests are preserved. United States v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025. The evidence brings the case squarely within the provisions of section 26 of title 2 of the last-named act. That section makes it mandatory upon an officer who discovers a person in the act of transporting in violation of the law intoxicating liquor in a vehicle to arrest such person and proceed against him under the provisions of the National Prohibition Act, and to take the necessary steps prescribed by that act to forfeit the vehicle, subject to the rights of innocent owners and lienholders.

Assuming that it is possible to prove that one who uses a vehicle in the removal or for the deposit or concealment of untax-paid liquor has the necessary intent under section 3450 to defraud the United States of a tax which existing law neither requires nor permits to be paid, it is nevertheless true that, if a person be caught in the act of unlawfully transporting liquor in a vehicle, there is no authority of law to proceed under section 3450, either to prosecute the person or to forfeit the vehicle. Under such circumstances it is apparently recognized in United States v. One Ford Coupé, supra, that section 26 is exclusively applicable. In that case it was said that there was no allegation that the automobile had been discovered or was being used in unlawful transportation, or that the driver had been prosecuted. Here there was proof or admission that the driver was discovered by the arresting officers in the

act of illegal transportation of liquor in the automobile sought to be forfeited.

In Port Gardner Co. v. United States, 272 U. S. 564, 47 S. Ct. 165, 71 L. Ed. 412, it was held that the disposition of the automobile in the exclusive manner prescribed in section 26 became mandatory after the driver's conviction of illegal possession and transportation. Two of the justices, in concurring, expressed the view that the arresting officer, discovering one in the act of transportation, may not disregard "the plain and direct commands of section 26 to proceed against the vehicle as there directed." In Commercial Credit Co. v. United States, 275 U. S. ——, 48 S. Ct. 232, 72 L. Ed. —— (decided February 20, 1928), the driver pleaded guilty to unlawful possession, which was held to be "possession in transportation," and it was decided that the forfeiture of the automobile was governed by section 26, and was subject to the defense that the claimant was an innocent owner. The court considered it unnecessary to determine whether, if the driver had not been convicted of unlawful possession, the government would have been precluded from a resort to section 3450.

It is apparent from these recent decisions that the Supreme Court has not passed upon a case in all respects like the one before us. The record in this case, either designedly or by unintentional omission, fails to disclose whether Girdner· was tried, either under the Internal Revenue Law or under the National Prohibition Act. But in our opinion the proceedings taken after the arrest and seizure are immaterial, as it was the duty of the government under the plain terms of section 26 to prosecute him for unlawful possession or transportation.

The judgment is affirmed.