212

UNITED STATES v. FORD COUPÉ AUTO-
MOBILE.

No. 3460.

District Court, S. D. Florida.
Aug. 7, 1930.

W. P. Hughes, U. S. Atty., and W. A. Paisley, Asst. U. S. Atty., both of Jacksonville, Fla.

Elliott Adams, of Jacksonville, Fla., for intervener.

RITTER, District Judge.

This cause comes on for hearing upon the motion of Universal Credit Company, intervener, to dismiss the libel filed by the United States. The intervener claims to be the owner of the automobile by virtue of a conditional sales contract, and to be innocent of any knowledge of the vehicle being used in the transportation of intoxicating liquors in violation of law. The situation is an unusual one, and is submitted to the court upon the facts as follows:

On January 14, 1930, an indictment was returned by the grand jury against Raymond J. Smith, being docket No. 3920–J Criminal, charging the defendant with having unlawfully transported intoxicating liquors in violation of the National Prohibition Act (27 USCA). The automobile was seized at the time. This case has never been tried because the bond of the defendant was estreated on the 28th day of January, 1930, when the case was called for trial, and he is now a fugitive from justice. On March 7, 1930, the United States filed its libel against the automobile in question, seeking its forfeiture under sections 3061 and 3062, Revised Statutes (19 USCA §§ 482, 483), which provide for seizure of vessels and persons having merchandise imported contrary to law. It is asserted by the claimant in his motion to dismiss that the United States, under the indictment of January 14, 1930, elected to prosecute under section 26 of title 2 of the National Prohibition Act (27 USCA § 40), and therefore cannot proceed in this libel under sections 3061 and 3062 aforesaid (19 USCA §§ 482, 483), and that said sections are in conflict with section 26 of title 2 of the National Prohibition Act (27 USCA § 40), when transportation is involved, and procedure can only be had under section 26.

From the facts presented, we are informed that Raymond J. Smith was apprehended when unlawfully transporting intoxicating liquors in violation of the prohibition law on January 14, 1930. When the libel of March 7, 1930, is filed for the same offense, nothing is said about transportation, but as the matter is presented to the court I am advised and must take into consideration the fact that transportation was, by virtue of the January 14, 1930, indictment, involved in the case, and that Smith was in fact arrested while transporting the liquor. The libel filed on March 7, 1930, was in the face of this fact and the knowledge thereof by the district attorney.

The government contends that it can proceed under sections 3061 and 3062, Revised Statutes (19 USCA §§ 482, 483), independently from section 26 of title 2 of the National Prohibition Law (27 USCA § 40), that these sections are not in conflict with each other, but are equally available to the choice of the government.

These customs laws are derived from the Act of July 13, 1866 (14 Stat. 98). They were in effect when the National Prohibition Act became a law. The Tariff Act of 1922 (42 Stat. 858) did not repeal them. The Willis-Campbell Act of November 23, 1921 (27 USCA §§ 2, 3, 15, 18, 20, 53, 54, 56) by its terms eliminates any controversy which had existed prior to that time in the decisions

of the courts as to whether the Customs Acts had been repealed by the National Prohibition Act, for it specifically states (27 USCA § 3):

"All laws in regard to the manufacture and taxation of and traffic in intoxicating liquor, and all penalties for violations of such laws that were in force when the National Prohibition Act was enacted, shall be and continue in force, as to both beverage and nonbeverage liquor, except such provisions of such laws as are directly in conflict with any provision of the National Prohibition Act."

I think the best distinction between the Prohibition Act and these Customs Acts is stated in the opinion in U. S. v. Cahill (C. C. A.) 13 F.(2d) 83, 85, as follows: "Sections 3061 and 3062 [19 USCA §§ 482, 483] contemplate the seizure and forfeiture of a vehicle on which goods are found that have been smuggled, without regard to their being transported thereon; it is because the vehicle is being used as a 'means of concealment' of smuggled goods; while section 26 contemplates that the vehicle shall be seized and forfeited for being used by a person in the illegal act of transporting liquor. This being so, we do not regard the provisions of sections 3061 and 3062 as in direct conflict with the provisions of section 26 of title 2 of the Prohibition Act [27 USCA § 40] and especially is this true as applied to the facts in this case, for it is not found that the officers discovered any person in the act of transporting liquor in the automobile, and there was no evidence from which such a finding could be made. The evidence was that, at the time they discovered the automobile with the liquors upon it, it was at rest, and not in the possession or control of any one."

This case states my conclusions in the matter in a very clear way.

Section 3450, Rev. St. (26 USCA §§ 1181, 1182), is also derived from the Act of July 13, 1866, as are the other Revenue Acts under consideration as aforesaid. Much controversy existed as to whether said provision was in conflict with section 26 of title 2 of the National Prohibition Act (27 USCA § 40), and there are many decisions upon the subject. The matter was finally settled, however, by a decision of the Supreme Court of the United States on May 19, 1930, entitled Richbourg Motor Co. v. United States, 281 U. S. 528, 50 S. Ct. 385, 387, 74 L. Ed. 1016, in which the court held that, whenever transportation was involved, title 2, section 26, was mandatory and prosecution must be had under that section instead of 3450. The court in that case, after quoting the language of title 2, section 26 (27 USCA § 40) says: "It is plain that, whenever the vehicle seized by the arresting officers is discovered in use in the prohibited transportation, literal compliance with these requirements would compel the forfeiture under title 2, § 26, with the consequent protection of the interests of innocent lienors. To that extent, title 2, § 26, if interpreted to exact such compliance, is in direct conflict with the forfeiture provisions of section 3450 and supersedes them whenever any person within the provisions of title 2, § 26, is discovered 'in the act of transporting * * * intoxicating liquors in any * * * vehicle,' which liquor is 'removed * * * deposited or concealed * * * with intent to defraud the United States' of the tax."

The court further says: "The prescription in detail, by title 2, § 26 (27 USCA § 40), whenever transportation is involved, of successive steps to be taken, which, if followed, lead unavoidably to forfeiture under that section and no other, with the important consequence of protecting the interests of innocent third persons, suggests a definite purpose to make the protection effective by bringing all forfeitures in such cases under its controlling provisions. If the purpose were the more general one of imposing on government officers the general duty to procure the forfeiture at their election, either under title 2, § 26, or any other applicable statute, most of the requirements of title 2, § 26, might have been omitted."

And further: "The objective of title 2, § 26, is not the prosecution of the offender, elsewhere provided for, but the confiscation of the seized liquor and the forfeiture of vehicles used in its transportation, to the limited extent specified in the section. Every act which it enjoins on public officials is directed to that end. * * * By title 2, § 26 (27 USCA § 40), it gave such protection in all cases where the prosecution of the person guilty of the transportation is had under the National Prohibition Act. This would have been but an idle gesture, and the Congressional purpose would have been defeated if, in practically every case where the transporting vehicle is seized, the prosecuting officers could compel forfeiture of the interests of innocent third persons under section 3450 (26 USCA § 1181). Yet that is the effect of the construction of title 2, § 26, contended for by the government, since, with the enactment of national prohibition, there can be few cases of illegal transportation which do

not involve the concealment of nontax-paid liquor."

The court then concludes its opinion as follows: "We are of opinion that under title 2, § 26 (27 USCA § 40), it is the duty of prohibition officers to arrest any person discovered in the act of transportation and to seize the transporting vehicle; that such arrest and seizure require the government to proceed for forfeiture of the vehicle under title 2, § 26."

Inasmuch as sections 3061 and 3062 (19 USCA §§ 482, 483) are derived from the same original act as section 3450 (26 USCA §§ 1181, 1182) and are in the same relation to title 2 of section 26 of the National Prohibition Act (27 USCA § 40) as section 3450, the reasoning of the Supreme Court in the case aforesaid follows ex proprio vigore as applicable to sections 3061 and 3062 involved in this case. Title 2, section 26, draws to itself all forfeitures of vehicles involved in transportation charges, such as was the charge in the indictment of January 14, 1930, against the defendant Raymond J. Smith.

The question, therefore, is not whether the government has elected between the two methods of procedure and is thereby estopped to proceed under sections 3061 and 3062 as it did in the libel of March 7, 1930, but is far more reaching, in that, in my opinion, the government must proceed under section 26, and cannot proceed under the customs sections because the same are in direct conflict with section 26, or are to be construed in pari materia, as done in the case of United States v. Cahill, supra.

If we were not informed, as we are in this case, that the arrest of the defendant was made in the act of transporting, as alleged in the January 14, 1930, indictment, and the case stood solely upon the libel under sections 3061 and 3062, I would not be able to decide as I do, but with that knowledge I must hold that the motion to dismiss of the intervener of the libel of March 7, 1930, is granted.

It is stated by the government that the defendant, Raymond J. Smith, defaulted on his bond, and is now a fugitive from justice, and implies that the forfeiture proceedings under section 26 cannot proceed until he is arrested and trial is had. This may be true, but there is nothing presented to us to show that he may not be apprehended and the case brought to trial.

The Supreme Court in the Richbourg Motor Company Case, supra, says, at the close of its opinion: "It is unnecessary to say whether, if for any reason the seizure cannot

be made or the forfeiture proceeded with, prosecution for any offense committed must be had under the National Prohibition Act, rather than other statutory provisions."

The elements necessary for me to decide under a similar situation are not present in this case.

The motion to dismiss is granted, and an order will be entered accordingly.