# UNITED STATES v. ONE STUDEBAKER AUTOMOBILE (EXPORTERS' INS. CO., Intervener).

## No. 530.

District Court, D. Arizona.
Dec. 9, 1930.

John C. Gung'l, U. S. Atty., and B. G Thompson, Asst. U. S. Atty., both of Tucson, Ariz.

Mathews & Bilby, of Tucson, Ariz., and Ellinwood & Ross, of Phœnix, Ariz., for intervener.

SAWTELLE, District Judge.

On June 11, 1929, United States Customs Inspectors Leahy and Ryman were stationed approximately 200 yards north of the international boundary line between the United States of America and the United States of Mexico at a point just east of the city limits of Douglas, Ariz. Shortly before dark on this day, these officers saw a man approaching from the international boundary line and observed that the man was carrying a bundle on his back.

Because of the failing light the officers were unable to positively identify this individual. At the time the officers first saw this person he was approximately 100 yards north of the international boundary line and was walking towards the Douglas graveyard. The officers watched this man from the point where he was first seen and saw him enter the Douglas graveyard and deposit his bundle in some shrubbery. After hiding the bundle this man proceeded on foot towards the city of Douglas.

Thereupon Officer Ryman stationed himself at a point near the shrubbery where the bundle had been deposited, after first looking at the bundle, and Officer Leahy took his station at a point near the gateway leading out of the graveyard. These officers remained at these stations until about 10 o'clock on the same evening, when the lights of an automobile were seen approaching the entrance to the graveyard. As the car approached the entrance of the graveyard, the lights were extinguished and the car was driven into the graveyard and brought to a stop near the point where the bundle had been hidden earlier in the evening. Officer Ryman saw some one get out of the car, pick up a bundle, and put it into the car, after which the car was driven towards the graveyard gate. As the car approached the graveyard gate, Officer Leahy stopped it and found the driver, Duke Workman, to be the sole occupant of the car.

Upon search of the car a bundle was found which Officer Ryman identified as the same bundle which had been hidden in the shrubbery earlier in the evening. Upon inspection it was found that the bundle consisted of a burlap sack covering a small keg containing approximately two gallons of intoxicating liquor known as mescal. The officers then searched the shrubbery at the point where the bundle had been previously hidden and seen by Officer Ryman, and verified the fact that the bundle previously deposited there was gone.

The following morning the same officers trailed the individual who had deposited the bundle in the graveyard from the point where the same was deposited and found that the tracks led directly from the international boundary line to the point where the bundle had been secreted.

Subsequently an indictment containing two counts was returned against Duke Workman, alleging violations of section 593 of the Tariff Act of 1922 (19 USCA §§ 496, 497). The first count alleged the unlawful importation of merchandise into the United States of America without declaration and invoice, and the second count alleged the unlawful transportation and concealment of merchandise, knowing the same to have been unlawfully imported into the United States without declaration and invoice. To this indictment Workman entered a plea of not guilty and the case proceeded to trial. The jury found the defendant not guilty on the first count, but guilty on the second count.

The defendant Workman was sentenced to confinement in the county jail for the period of three months; thereafter, an information of libel was filed by the United States against the automobile used by Workman in the transportation and concealment of the intoxicating liquor in question, in which proceeding the Exporters' Insurance Company, a corporation, intervened. It is admitted by the government that the petitioner had no means of knowing that the automobile might be used by any person for any illegal purpose whatsoever. Petitioner denies that the automobile was at the time of its seizure being used contrary to law for the purpose of transporting and concealing intoxicating liquor in violation of law as in said libel alleged. There is no question that the officers discovered and arrested the driver in the act of transporting smuggled liquor in the automobile. This was, of course, a plain violation of the National Prohibition Act, as well as the Tariff Act of 1922. There is no question that the defendant knew that the liquor had been smuggled into the United States and the jury so found.

The government insists that the automobile should be forfeited under the provisions of sections 593 and 594 of the Tariff Act of 1922 (19 USCA §§ 496–498) and sections 3061 and 3062 of the Revised Statutes (19 USCA §§ 482, 483). The Intervener, owner

432

of the automobile, relies upon section 26, title 2, of the National Prohibition Act (27 USCA § 40), and the recent cases of Richbourg Motor Co. and Davies Motors, Inc., v. United States, 281 U. S. 528, 50 S. Ct. 385, 387, 74 L. Ed. 1016.

If, under the facts as disclosed, the government had the right to elect to proceed under the Tariff Act and sections 3061 and 3062 of the Revised Statutes, upon the theory that the automobile was being used as a means of concealment and/or transportation of smuggled liquor, knowing that the same had been smuggled into the United States, then the automobile is subject to forfeiture. On the other hand, if, under the facts and the law, there was no right of election on the part of the government and its sole remedy was under the provisions of section 26, title 2, of the National Prohibition Act, then the innocent owner should be protected, as provided for in the latter act.

It seems to me that in view of the plain language employed by the Supreme Court in the Richbourg-Davies Cases, the libel cannot be sustained. As above stated, in the instant case the driver of the automobile was arrested in the act of transporting the liquor by means of the automobile. In the Richbourg-Davies Cases, the Supreme Court said:

"In United States v. One Ford Coupe, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025, it was held that there was no such direct conflict between section 26 and section 3450 as to preclude the forfeiture of the interest of an innocent lienor under the latter, where the intoxicating liquor was concealed in the seized vehicle with intent to defraud the government of the tax, and where it did not appear that there was transportation of the liquor. * * * These cases left undetermined the question now presented, whether, under title 2, § 26, the mere arrest of the person discovered in the act of transportation, and the seizure of the transporting vehicle, bar the forfeiture under section 3450 (26 USCA § 1181).

"The language of title 2, § 26 (27 USCA § 40) is in form mandatory throughout. It is made the 'duty' of the officer discovering any person in the act of transporting liquor to seize the liquor, when 'he shall take possession of the vehicle' and 'shall arrest any person in charge' of it. He 'shall at once proceed against the person arrested under the provisions of this title.' * * * It is plain that, whenever the vehicle seized by the arresting officers is discovered in use in the prohibited transportation, literal compliance

with these requirements would compel the forfeiture under title 2, § 26, with the consequent protection of the interests of innocent lienors. To that extent, title 2, § 26, if interpreted to exact such compliance, is in direct conflict with the forfeiture provisions of section 3450 and supersedes them whenever any person within the provisions of title 2, § 26, is discovered 'in the act of transporting * * * intoxicating liquors in any * * * vehicle,' which liquor is 'removed * * * deposited or concealed * * * with intent to defraud the United States' of the tax.

"But the government contends that title 2, § 26, is not to be read thus literally; that it was not intended by its mandatory phrases to do more than state generally the duty resting on all law enforcement officers to enforce the law, but which leaves them free, when the same act or transaction constitutes an offense under different statutes, to proceed under either one. It is argued that title 2, § 26, could not have been intended to preclude district attorneys from prosecuting violations of section 3450 merely because they involve transportation, and it can no less be taken to deprive them of their election to forfeit the offending vehicle under either section. * * *

"But the prescription in detail, by title 2, § 26 (27 USCA § 40), whenever transportation is involved, of successive steps to be taken, which, if followed, lead unavoidably to forfeiture under that section and no other, with the important consequence of protecting the interests of innocent third persons, suggests a definite purpose to make the protection effective by bringing all forfeitures in such cases under its controlling provisions. * * *

"The objective of title 2, § 26, is not the prosecution of the offender, elsewhere provided for, but the confiscation of the seized liquor and the forfeiture of vehicles used in its transportation, to the limited extent specified in the section."

In view of this construction of section 26, title 2, of the National Prohibition Act, it would seem that in cases involving the transportation of intoxicating liquor sections 3061 and 3062, of the Revised Statutes, are in conflict with section 26, title 2, of the National Prohibition Act.

It is true in the instant case that the government relies upon the concealment of the intoxicating liquor in the automobile as well as the transportation thereof, but it would seem that concealment under the circumstances was a mere incident of the transportation. Be-

sides, the question of concealment under section 3450 of the Revised Statutes was directly involved in the Richbourg-Davies Case, and in the opinion of the Supreme Court, it is stated "there can be few cases of illegal transportation which do not involve the concealment of nontax-paid liquor." Sections 593 and 594 of the Tariff Act of 1922 provide for the forfeiture of all smuggled merchandise, but do not provide for forfeiture of the vehicle used in the concealment or transportation thereof, except where a penalty is imposed, and then only to the extent of the penalty, leaving the government the remedy, if any, prescribed by sections 3061 and 3062, which, of course, is still in effect when applicable.

Prior to the decision in the Richbourg-Davies Cases, it was thought that section 26, title 2, of the National Prohibition Act was inapplicable in customs and revenue cases, or if applicable, the government had the right to elect whether to proceed under said section 26, or under the general customs and revenue laws, and there are numerous cases so holding. But the Richbourg-Davies Cases seem to hold to the contrary, and, of course, are controlling here. Petition granted, libel dismissed.