## COMMERCIAL CREDIT CO., Inc., v. UNITED STATES.

### No. 6221.

Circuit Court of Appeals, Fifth Circuit.

Dec. 2, 1931.

Dallas C. Biggers and Roy W. McDonald, both of Dallas, Tex., Duane R. Dills, and Berthold Muecke, Jr., both of New York City, for appellant.

H. M. Holden, U. S. Atty., and M. S. McCorquodale, Asst. U. S. Atty., both of Houston, Tex., for the United States.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

This is a consolidated appeal from judgments of absolute forfeiture under the customs laws of three automobiles on which appellant had valid liens to secure a balance of purchase money. Appellant's contention is that on the face of the libels, and upon the facts found, forfeiture cannot be had under the customs laws, but only under the National Prohibition Act, 27 U. S. C. § 40 (27 USCA § 40), under which its rights as an innocent lienor would be protected. The contrary contention is that the customs laws constitute an independent system which may be enforced regardless of parallel provisions of the Prohibition Law. Each libel asserts a seizure of the automobile by a customs officer in a named county of Texas while there was being concealed and transported therein foreign merchandise, to wit, whisky and alcohol which had lately theretofore been unlawfully imported into the United States. Taking as typical the first case in the record, the facts found are that on October 29, 1930, a customs inspector seized the automobile and arrested the driver in Brooks county, Tex., while transporting eighteen five-gallon cans of al-

cohol, and seventeen quarts of whisky which had been bought in Mexico and smuggled by the seller across the Rio Grande into Texas, and loaded in Texas on the automobile and thence transported to the place of seizure. The merchandise was not declared, and a tax was due on it but not paid, and no revenue stamps appeared on the packages. The seizing officer, though a customs inspector, was engaged wholly in seizing contraband liquors and the carrying vehicles; his headquarters being at Falfurrias, Tex., about seventy miles from the border. The appellant held by transfer a valid purchase-money mortgage for $765.40 against the automobile which had been taken by the mortgagee and acquired by appellant in good faith with due diligence, and without any intent to defraud the United States, and without knowledge that the car would be used to violate the law.

 The facts make a clear case for forfeiture under 19 U. S. C., §§ 482, 483 (19 USCA §§ 482, 483), as of a vehicle, not that of a common carrier, conveying merchandise which had been unlawfully introduced into the United States. The Tariff Act of 1930, § 401 (c), 19 USCA § 1401 (c), repeats the provision of the Act of 1922 that the word "merchandise" shall include articles the importation of which is prohibited. But the case is with equal clearness within the language of 27 U. S. C., § 40 (27 USCA § 40). The opening words of that section: "When the commissioner, his assistants, inspectors, or any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors," etc., are on their face not restricted to prohibition officers. United States officers and not state officers are meant (Gambino v. United States, 275 U. S. 310, 48 S. Ct. 137, 72 L. Ed. 293, 52 A. L. R. 1381), but a customs officer of the United States is an officer of the law and included. He is bound to seize the liquor. A customs officer made the seizure in Commercial Credit Co. v. United States, 276 U. S. 226, 48 S. Ct. 232, 72 L. Ed. 541. So in the succeeding sentence, "Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possession of the vehicle * * * and shall arrest any person in charge thereof," the language is not less broad. The same situation and the same officers as defined in the previous sentence are still in view. The section next requires the arresting officer to proceed against the person arrested "under the provisions of this chapter," that is, title 2 of the National Prohibition Act, and requires certain dispositions of the vehicle which in case of conviction result in its sale, a satisfaction of bona fide liens, and payment of the balance into the Treasury. Though there are in the section no express words of forfeiture, it has always been understood to provide a forfeiture of the vehicle with a saving of the rights of innocent persons. Especially to effectuate this just saving it has been held that the language of the section was made mandatory, and that its provisions must be followed where they apply. Richbourg Motor Co. v. United States, 281 U. S. 528, 50 S. Ct. 385, 74 L. Ed. 1016, 73 A. L. R. 1081. In that case, the arrest and seizure were not made by a customs officer, and the competing laws were those affecting the internal revenue rather than those affecting customs duties; but we see therein no tenable ground of distinction. Neither as respects the internal revenue nor the customs laws should it be said that there is a repeal by the National Prohibition Act. Consistency of taxation with prohibition has been often asserted. United States v. One Ford Coupe, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025; United States v. Ryan, 52 S. Ct. 65, 76 L. Ed. ——, decided by Supreme Court November 23, 1931. The provisions for forfeiture of vehicles and the like used for the fraudulent removal, transportation, or concealment of articles taxed under each system, 19 U. S. C., §§ 482, 483 (19 USCA §§ 482, 483); 26 U. S. C., § 1181 (26 USCA § 1181) stand unrepealed. They are general, and apply to many taxed articles other than intoxicating liquors, and to many situations which 27 U. S. C. § 40 (27 USCA § 40) does not fit. The latter is in the nature of specific legislation which operates where it applies by way of exception to the general legislation. U. S. v. One Ford Coupe, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025. If no person can be arrested; or if the transportation by reason of proper permits be lawful under the prohibition law and unlawful only because of fraud on the revenue, so that there could be no prosecution under the prohibition law; or if the person arrested be an ignorant and therefore innocent dupe of a guilty owner and be acquitted for that reason, grave question may exist of the exclusive application of 27 U. S. C., § 40 (27 USCA § 40). So there might be such question if the vehicles here involved had contained substantial quantities of contraband

merchandise other than intoxicating liquor on account of which forfeiture was sought. And it has been held that a vessel or vehicle used in the act of unlawful importation of intoxicating liquors might be forfeited under the customs and shipping laws; the subsequent unlawful transportation within the United States not superseding or annulling the offense and the forfeiture completed at the border. United States v. One Nash Auto (D. C.) 23 F.(2d) 126; The Pilot (C. C. A.) 43 F.(2d) 491. But none of these considerations arise here. The vehicles involved were used only in transportation within the United States, and carried intoxicating liquors alone, and the persons in charge were arrested, and, for aught that appears, are guilty under the prohibition laws. No reason exists why the mandate of 27 U. S. C., § 40 (27 USCA § 40) should not be followed out by the officers of the United States in their efforts to condemn the vehicles. The judgment is accordingly reversed, with direction to dismiss the libels without prejudice.