## UNITED STATES v. ONE BUICK COUPÉ.

No. 13.

District Court, S. D. Florida.

Dec. 30, 1931.

W. P. Hughes, Dist. Atty., and Louis S. Joel, and W. A. Paisley, Asst. Dist. Attys., all of Jacksonville, Fla., for libelant.

Frank J. Heintz, of Jacksonville, Fla., and George W. Bassett, Jr., of St. Augustine, Fla., for claimant.

Crutchfield & Adams, of Jacksonville, Fla., amici curiæ.

STRUM, District Judge.

In this proceeding, commenced by information of libel, the United States seeks the forfeiture of one Buick coupé, invoking for that purpose the provisions of the customs laws, sections 3061, 3062, Rev. St. 19 USCA §§ 482, 483.

Tennant Finance Corporation intervened as claimant. The matter comes up for final hearing upon an agreed statement of facts, from which the following pertinent facts are found by the court:

On October 1, 1929, one James Provenza, while driving a Buick coupé over the highway bridge connecting the city of St. Augustine, Fla., with Anatasia Island, in St. Johns county, Fla., was stopped by customs patrol inspectors, who immediately searched said automobile and found therein a large quantity of imported whisky fit for use, and intended for use, for beverage purposes, upon which no duty had been paid, all of which the said Provenza acknowledged, and which liquor had been unlawfully imported apparently in violation of both the Tariff Act of 1922 (42 Stat. 858) and the National Prohibition Act (27 USCA). The liquor was imported, also, with intent to defraud the United States of taxes imposed thereon by law. Said officers thereupon arrested Provenza, seized the automobile, and delivered the latter to the Collector of Customs of this district, who now holds the same.

Provenza was indicted upon two counts, the first count charging unlawful transportation contrary to the National Prohibition Act (27 USCA); the second charging concealment of unlawfully imported liquor contrary to section 593(b), Tariff Act of 1922, 19 USCA § 497. Provenza pleaded guilty to the second count. What disposition was made of the first count does not appear.

The intervening claimant is the innocent owner of a conditional sales contract, by which title to the said automobile is reserved to said claimant; said contract being now in default and claimant entitled to possession of the car thereunder as against Provenza.

Thus is presented the much-debated question whether the United States, in seeking the forfeiture of a land vehicle, in these circumstances, must proceed under section 26 of title 2 of the National Prohibition Act, 27 USCA § 40, by which the rights of innocent owners or lienors are saved, or whether, as has been done here, the United States may proceed under the customs laws, sections 3061, 3062, Rev. St., 19 USCA §§ 482, 483, which take no notice of innocent owners and lienors.

The United States relies upon U. S. v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025; U. S. v. One Fargo Truck (D. C.) 46 F.(2d) 171; U. S. v. One Ford (D. C.) 21 F.(2d) 628.

The claimant relies upon Richbourg Motor Co. v. U. S., 281 U. S. 528, 50 S. Ct. 385, 388, 74 L. Ed. 1016, 73 A. L. R. 1081; U. S. v. One Whippet Sedan (C. C. A.) 41 F.(2d) 496; Colon v. Hanlon (C. C. A.) 50 F.(2d) 353; U. S. v. One Studebaker (D. C.) 45 F.(2d) 430; U. S. v. Ford Coupé (D. C.) 43 F.(2d) 212.

From those cases, and others upon the subject, including the recent decision in Commercial Credit Co. v. U. S. (C. C. A. 5), decided December 2, 1931, 53 F.(2d) 977, the following principles are deducible, at least as to land vehicles:

First. There is an effective and distinct field of operation for each of the forfeiture provisions of the customs laws, the revenue laws, and the National Prohibition Act, found, respectively, in sections 3061, 3062, Rev. St. (19 USCA §§ 482, 483); section 3450, Rev. St. (26 USCA § 1181); and section 26, title 2, National Prohibition Act (27 USCA § 40). Each is operative in its own field. Neither the revenue nor the customs laws, in the respect mentioned, are repealed by section 26 of title 2 of the National Prohibition Act, but the latter "is in the nature of specific legislation which operates where it applies, by way of exception" to the general customs and revenue laws just mentioned. The mandatory provisions of section 26, title 2, National Prohibition Act, must be followed where they apply. The lat-

ter must be accorded an effective field of operation in harmony with its purpose, as evidenced by both its terms and its legislative history. Richbourg Motor Co. v. U. S. supra; Commercial Credit Co. v. U. S. (C. C. A. 5), decided December 2, 1931, 53 F.(2d) 977; U. S. v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025.

■ Second. The dominant character of the enterprise in which the vehicle is engaged when captured, to be deduced from the facts of each case, is the controlling test in determining the appropriate procedural statute. U. S. v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025; Two Ford Coupés v. U. S. (C. C. A. 5) 53 F.(2d) 187, decided November 10, 1931. As was said by way of illustration in the Richbourg Motor Case, supra, "with the enactment of national prohibition, there can be few cases of illegal transportation which do not involve the concealment of nontax-paid liquor." On the other hand, as was said in U. S. v. One Reo Coupé (D. C.) 46 F.(2d) 815, 818, "it is impossible to conceive of any case of smuggling where the element of transportation would not have been at some time present."

■■ Third. If the paramount purpose of the enterprise in which the vehicle is presently engaged when captured, is to move the situs of the liquor from one place to another, for which purpose the vehicle is primarily in use as a conveyance only, the dominant character of the enterprise is transportation, and it is the mandatory duty of the United States to proceed under section 26 of title 2 of the National Prohibition Act, 27 USCA § 40. That section, in the circumstances last mentioned, furnishes the exclusive remedy for forfeiture. This is true even though the liquor in question has an antecedent history as duty or tax unpaid liquor, imported or manufactured contrary to the customs or revenue laws above mentioned, and although there is concealment incidental to the transportation. Richbourg Motor Co. v. U. S., supra; U. S. v. One Chevrolet (D. C.) 21 F.(2d) 477, affirmed (C. C. A.) 25 F.(2d) 238; U. S. v. One Studebaker (D. C.) 45 F.(2d) 430; Commercial Credit Co. v. U. S. (C. C. A. 5) 53 F.(2d) 977. In the latter case, the liquors were clearly of foreign origin and unlawfully imported; but importation had been fully accomplished and pure transportation undertaken prior to capture, so it was held that the forfeiture must proceed under section 26, title 2, National Prohibition Act. Inability, due to circumstances,

to prosecute the offender under the National Prohibition Act may not be fatal to a libel against the vehicle under the customs or revenue laws, if the facts warrant such action. Commercial Credit Co. v. U. S., just cited; U. S. v. Chevrolet Truck (D. C.) 30 F.(2d) 830.

■ Fourth. If the person in possession of the vehicle has been convicted of unlawful transportation under the National Prohibition Act, title 2, section 26 of that Act (27 USCA § 40) mandatorily requires that the forfeiture proceed under that section, precluding a resort to the forfeiture provisions of either the customs laws or the revenue laws. Port Gardner Inv. Co. v. U. S., 272 U. S. 564, 47 S. Ct. 165, 71 L. Ed. 412; Commercial Credit Co. v. U. S., 276 U. S. 226, 48 S. Ct. 232, 72 L. Ed. 541; Commercial Credit Co. v. U. S. (C. C. A. 5) supra; U. S. v. One Ford Coupé (D. C.) 43 F.(2d) 212.

■■ Fifth. If the enterprise upon which the vehicle is presently engaged when captured is essentially the unlawful importation of liquor, or the unlawful facilitation or concealment of smuggled liquor, and the enterprise has not lost its character as such, a libel against the vehicle involved in such enterprise may be grounded upon sections 3061, 3062, Rev. St., 19 USCA §§ 482, 483. If there has been mere incidental and subordinate transportation solely in furtherance of such concealment, or in facilitation of the smuggling, and as an element thereof, as distinguished from transportation for other purposes, such incidental and subordinate facilitating transportation will not defeat a libel under the customs laws just mentioned, provided the enterprise still retains its primary and dominant character as an unlawful importation. In order, however, to prevail under the customs statutes, the government must bring its case wholly and fairly within those statutes. U. S. v. Cahill (C. C. A.) 13 F.(2d) 83; U. S. v. One Reo Coupé (D. C.) 46 F.(2d) 815; U. S. v. One Reo Sedan (D. C.) 39 F.(2d) 120. See, also, as to vessels Alksne v. U. S. (C. C. A.) 39 F.(2d) 62; certiorari denied, 281 U. S. 768, 50 S. Ct. 467, 74 L. Ed. 1175; The Pilot (C. C. A.) 43 F.(2d) 491. The same determinative principles would also apply in cases of forfeiture brought under the revenue laws, section 3450, Rev. St., 26 USCA § 1181, where the dominant character of the enterprise is the removal, deposit, or concealment of liquor with intent to deprive the United States of the tax thereon imposed by the revenue laws.

See, also, with reference to the applicability of section 3450, Rev. St., where the transportation of narcotics and other contraband is involved, U. S. v. Mangano (C. C. A.) 299 F. 492.

It is conceded that the liquors here in question are of foreign origin, but how recently as to the time of capture is not shown. There is nothing to connect the vehicle with the importation, nor with subsequent concealment, except the bare circumstance that it was proceeding northward on an extensively traveled public highway, about three or four miles distant from the coast, with imported liquors aboard it. Standing alone, that circumstance is insufficient to connect the vehicle with the importation. Commercial Credit Co. v. U. S., supra.

Although the liquors were probably unlawfully imported originally, and were tax and duty unpaid, the paramount and dominant character of the enterprise, when the vehicle was captured, was not concealment, but was pure transportation, to which concealment was merely incidental. It is clearly a case in which a person was discovered "in the act of transporting," in contemplation of section 26, of title 2, National Prohibition Act (27 USCA § 40), as interpreted in the Richbourg Motor Co. Case, supra.

The fact that the driver pleaded guilty to an offense under the customs laws does not, standing alone, authorize a forfeiture under those laws, since the facts otherwise show that the vehicle was engaged in pure transportation. U. S. v. One Chevrolet (D. C.) 21 F.(2d) 477, affirmed (C. C. A.) 25 F.(2d) 238.

The libel is dismissed, and the vehicle awarded to the claimant.