## UNITED STATES v. ONE HUDSON COACH.

District Court, W. D. New York.
March 15, 1932.

540

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y.

Saperston, McNaughtan & Saperston, of Buffalo, N. Y., for claimant.

KNIGHT, District Judge.

This is a submission on an agreed statement of facts. On February 27, 1931, one Charles D. Becraft was arrested while driving an automobile and entering the United States of America from the Dominion of Canada over the Peace Bridge, in the city of Buffalo, N. Y., and charged with a violation of section 593 (a) and (b) of the Tariff Act of 1930 (19 USCA § 1593 (a, b). He was duly indicted for the violation of such section.

The facts out of which this arrest was made are these: On arriving at the American end of the Peace Bridge, Becraft was questioned by United States customs officers and asked if he had anything to declare or whether he was importing anything into the United States. To this Becraft replied that he had nothing to declare and was not importing anything into the United States. On examination of the automobile then driven by Becraft, there was found concealed in the automobile nine quarts of William Penn Canadian rye whisky, six quarts of Molson's Canadian ale, and one quart bottle (part full) of H. S. D. Canadian rye whisky, all of which liquor was of Canadian manufacture

and origin. The automobile was seized and taken into custody by the United States customs officers, together with the liquor above described, and was held by the government as forfeited to the United States for violation of the Customs Law. Becraft was duly indicted by the grand jury and charged with the violation of section 593 (a) and (b) of the Tariff Act of 1930 (19 USCA § 1593 (a, b).

This action is in libel to declare a forfeiture of the automobile by virtue of the provisions of section 3062 of the Revised Statutes (19 USCA § 483) and section 3450 of the Revised Statutes (26 USCA § 1181). The automobile was purchased by Becraft from Keenan Bros. on July 19, 1930. At the time of purchase a conditional contract of sale was executed by the vendor to secure payment of part of the purchase price, and that contract provided that the title to the automobile should remain in the seller, its successors, or assigns, until fully paid. Thereafter such conditional sales contract was assigned to the C. I. T. Corporation, claimant herein. At the time of the seizure there was due and owing the C. I. T. Corporation upon the contract $267.

After the seizure the C. I. T. Corporation filed with the collector of customs a claim to the automobile asserting ownership by virtue of such conditional sales contract. The C. I. T. Corporation had no knowledge that the automobile was to be used or was being used at the time of the seizure in any way contrary to the laws of the United States of America.

Under the stipulated facts herein, can the automobile in question be forfeited under the customs sections of the Tariff Act, or must proceedings be instituted by a libel under section 26, title 2, of the National Prohibition Act (27 USCA § 40)? Since the decision in Richbourg v. U. S., 281 U. S. 529, 50 S. Ct. 385, 386, 74 L. Ed. 1016, 73 A. L. R. 1081, it has confidently been contended that, whenever liquor is seized while being transported, the sole remedy of the government with relation to the instrument of transportation lies in the provisions of said section 26. I do not think that the decision in the Richbourg Case justifies this contention. It seems to me that this, and numerous other decisions, point a distinction between criminal charges involving transportation as such and charges of smuggling, and, when the arrest on the charge of smuggling was made at the immediate time when the smuggled goods were being brought into the country and at the point of entry, the essence of the crime

is concealment and fraud rather than transportation in connection with it. To say that this is a case of transportation is to read into the law a meaning that was not intended.

Claimant submits in support of his contention, Richbourg v. U. S., supra, in which the operator was charged with the violation of the National Prohibition Law in transporting liquor, Port Gardner Investment Co. v. U. S., 272 U. S. 564, 47 S. Ct. 165, 71 L. Ed. 412, in which the driver had been convicted of transportation of liquor; U. S. v. Ford Coupe Automobile (D. C.) 43 F.(2d) 212, in which the driver of the automobile was indicted for unlawful transportation of liquor; U. S. v. One Studebaker Automobile (D. C.) 45 F.(2d) 430, in which the driver was found guilty of unlawful transportation; Colon v. Hanlon (C. C. A.) 50 F.(2d) 353, in which the possessors were tried on the charge of transportation. To these I might add U. S. v. One Whippet Sedan (C. C. A.) 41 F.(2d) 496, in which the driver pleaded guilty to a charge of violating the National Prohibition Law; U. S. v. One Chevrolet Automobile (D. C.) 21 F.(2d) 477, in which the proof showed that the seizure was made on a charge of transportation; Commercial Credit Co. v. U. S. (C. C. A.) 53 F.(2d) 977, in which there was a seizure for importation into the country. The Sebastopol (D. C.) 47 F.(2d.) 336, was a case clearly involving transportation.

It will be seen that none of these cases involved the question of a seizure of liquor while it was being smuggled into the country. In the Richbourg Case, the distinction is indicated by reference to that case in the Circuit Court, 34 F.(2d.) 38, and the case of Davies Motors v. U. S. (C. C. A.) 35 F.(2d.) 928, in language as follows: "In each a person operating an automobile belonging to another was arrested and arraigned before a United States commissioner on a charge of illegal transportation of intoxicating liquor. * * * The United States attorney did not proceed with the prosecution of the charge, but procured the indictment and conviction of the prisoners, under section 3450, for removing and concealing spirits with intent to defraud the government of the tax." The opinion refers at length to the mandatory provisions of title 26, supra, and the conclusion to be drawn from it is that it was intended to apply only where criminal proceedings have been instituted under that section or where transportation is the dominant feature of the charge.

The essence of the charge here under section 1593 is smuggling or clandestinely introducing into the United States merchandise (U. S. v. Stafoff, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358; U. S. v. Two Autos [D. C.] 2 F.[2d.] 264) which should have been invoiced and fraudulently importing merchandise contrary to law, and facilitating the transportation of merchandise after importation, knowing it to have been illegally brought into the United States (Customs Duties, title 19, USCA, § 1593 (a, b). The dominant factor in the crime charged herein, under section 1593 (a), is smuggling and not the means by which it was done. The view I take is supported by numerous opinions rendered since the adoption of the Willis-Campbell Act (42 Stat. 222), a number of which have been rendered since the opinion in the Richbourg Case.

In U. S. v. One Ford Coupe, 272 U. S. 321, 47 S. Ct. 154, 158, 71 L. Ed. 279, 47 A. L. R. 1025, I find this language: "The argument that by section 26 Congress manifested the intention to protect generally innocent interests is unfounded. The section is narrow in scope. The protection accorded is stated explicitly. It does not apply generally to violations of the Prohibition Act, nor to the violation of any provision of the revenue laws. It applies solely to cases of forfeiture incident to the prosecution, as therein provided, of a person transporting liquor by a vehicle in violation of the Prohibition Act."

It is true the complaint in that case made no reference to transportation nor the use of the vehicle for such purpose, nor to any seizure under section 26 of title 2 of the Prohibition law, but the above-quoted statement was made particularly with reference to the contention that there was a direct conflict between the National Prohibition Act and section 3450 of the Revised Statutes, so as to render the latter section inoperative. This decision, as I read it, is an authority for the position that forfeiture proceedings may be brought under the customs duties acts where transportation as such is not the real crime being prosecuted.

In U. S. v. One Ford (D. C.) 21 F. (2d.) 628, the owner was convicted under the revenue law and action of forfeiture brought under it. The action was sustained. In U. S. v. One Reo Sedan (D. C.) 39 F.(2d.) 120, the court held that the Customs Acts, where importation of intoxicating liquor are involved, are still in force, notwithstanding the provisions of the National Prohibition Act. In U. S. v. One Reo Coupe (D. C.) 46 F.(2d.)

815, 818, in which the driver of the automobile was prosecuted under the customs law, an action for forfeiture was allowed. Said the court in part: "I still think it to be possible for the government to obtain forfeiture of a vehicle used in the smuggling of dutiable merchandise even if such merchandise is intoxicating liquor, but the smuggling of the liquor, and not the transportation of it, must be the real offense, and the seizure must be made under the customs laws."

In U. S. v. One Fargo Truck (D. C.) 46 F.(2d.) 171, the facts were in effect the same as in U. S. v. One Reo Coupe Automobile, supra.

In U. S. v. One Studebaker Automobile, supra, the court gave great weight to the fact that the driver of the automobile was arrested in the act of transportation, and, on the basis of the Richbourg Case, held that the government had elected its remedy.

In The Pilot (C. C. A.) 43 F.(2d.) 491, 493, the crew was indicted for smuggling, and forfeiture under the Tariff Act was sustained. The court said: "There is nothing in common between the National Prohibition Act and the navigation laws, and a vessel that engages in an unlawful trade contrary to the terms of her license need not necessarily be proceeded against under the National Prohibition Act because of the fact that the contraband cargo she carries is liquor." In U. S. v. One Nash Automobile (D. C.) 23 F.(2d.) 126, the occupants pleaded guilty to the offense of transporting smuggled merchandise. The court held that the laws providing for forfeiture of vehicles used in smuggling did not conflict with, nor are they repealed by, the National Prohibition Act.

In U. S. v. One Buick Coupe (D. C.) 54 F.(2d) 800, 802, the reason for a distinction between the Richbourg Case and the case at bar is clearly pointed out. Said the court: "If the enterprise upon which the vehicle is presently engaged when captured is essentially the unlawful importation of liquor, * * * a libel against the vehicle involved * * * may be grounded upon sections 3061, 3062, 19 USCA §§ 482, 483."

U. S. v. American Motor Boat K-1231 (C. C. A.) 54 F.(2d.) 502, 505. In that case (2d Circuit), while the judgment of forfeiture was affirmed, in a case in which there had been no arrest for smuggling, the court clearly indicated that it was not in accord with the view that section 26 "furnishes the only means of forfeiting vessels engaged in illegal transportation of liquor no matter how many other causes of forfeiture exist under the navigation and tariff laws. We are not persuaded that such an interpretation of section 5 of the Willis-Campbell Act is intended. * * * *"

There are many other cases supporting this contention.

It must be borne in mind here that this arrest was made by customs officers at a port of entry into the United States. While the arrest was made on American soil, so far as this question of transportation of liquor is concerned, it should be construed as having been made at the border line. I do not think that it can be said from facts in this case that there was any such transportation for which the operator would be criminally liable under the National Prohibition law.

I decide that in this case, in which the charge laid against the operator of the automobile in question at the time of the seizure was that of smuggling, where the seizure was made at a port of entry into this country, and, when the liquor in the automobile was being imported into the country, the proceedings for forfeiture of the automobile under sections 3062 and 3450, supra, are legally brought.

The forfeiture of the automobile is directed.